# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2003-EC-02440-SCT

*EDWARD KIRK SMITH*

*v.*

*RICHARD HOLLINS*

## ON MOTIONS FOR REHEARING

| | |
|---|---|
| DATE OF JUDGMENT: | 10/27/2003 |
| TRIAL JUDGE: | HON. DENISE OWENS |
| COURT FROM WHICH APPEALED: | WILKINSON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | ROBERT C. LATHAM |
| | JOHN R. JUNKIN |
| | DAVID S. CRAWFORD |
| ATTORNEY FOR APPELLEE: | CARROLL RHODES |
| NATURE OF THE CASE: | CIVIL - ELECTION CONTEST |
| DISPOSITION: | REVERSED AND RENDERED - 06/23/2005 |
| MOTION FOR REHEARING FILED: | 12/22/2004 AND 01/19/2005 |
| MANDATE ISSUED: | |

**EN BANC.**

**WALLER, PRESIDING JUSTICE, FOR THE COURT:**

¶1.    The motion for rehearing filed by Edward Kirk Smith is granted, and the motion for rehearing filed by Richard Hollins is denied.  The prior opinion is withdrawn, and these opinions are substituted therefor.

¶2.    A Democratic Party primary election was held on August 5, 2003, in Wilkinson County for the District 2 Supervisor contest between Richard Hollins and Edward Kirk Smith.  District

2 was created as a result of a redistricting plan approved by the United States Department of Justice, and the primary was the first election held in the new district. District 2 has two precincts: the Fort Adams precinct and the Woodville District 2 precinct. When the tallying was completed, the two contenders each had 406 votes. The Wilkinson County Democratic Party Executive Committee did not certify a winner. Instead, a second primary election was held on August 26, 2003. The results of the second primary election were 499 votes for Hollins and 510 votes for Smith.

¶3.    Hollins filed a petition for judicial review of the election in the Circuit Court of Wilkinson County alleging numerous voting irregularities, including, inter alia, the following: poll managers and workers at both District 2 precincts had not attended training as required by statute; one poll worker called voters who had not voted in the primary and asked them to vote for Smith in the second primary; during the second primary, several persons were denied the right to vote by a "bailiff" because they had not reached the age of 18, when the statute provides that if a person will turn 18 prior to the general election, he or she may vote in the primaries; during the second primary, one of Smith's poll watchers was appointed to be a poll worker at the Woodville District 2 precinct; several ballots cast in favor of Hollins were not counted; and several regular ballots and absentee ballots were improperly rejected.

¶4.    After Smith filed a response and cross claim alleging fraud against Hollins, this Court ordered that a special tribunal hold an evidentiary hearing. Both parties called numerous witnesses, including voters, poll workers and the circuit clerk. The individual challenged ballots were entered into evidence.

¶5. The tribunal found that there was no proof of electoral fraud, that any nonconforming votes were void and that the election would be determined by the legal votes cast under ***Rizzo v. Bizzell***, 530 So. 2d 121, 128 (Miss. 1988). After examining the challenged ballots and hearing testimony, the tribunal found that six additional votes should be added for Smith and twenty additional votes should be added for Hollins, making the final tally of 516 votes for Smith and 519 votes for Hollins. Hollins was declared the winner of the second primary for the office of Supervisor, Wilkinson County, District 2. Both parties have appealed.

## STANDARD OF REVIEW

¶6. We will not interfere with or disturb a chancellor's findings of fact unless those findings are manifestly wrong, clearly erroneous, or an erroneous legal standard was applied. ***G. B. "Boots" Smith Corp. v. Cobb***, 860 So. 2d 774, 776-77 (Miss. 2003). For questions of law, we employ a de novo standard of review and will only reverse for an erroneous interpretation or application of the law. ***In re Municipal Boundaries of City of Southaven***, 864 So. 2d 912, 917 (Miss. 2003) (citing ***T.T.W. v. C.C.***, 839 So. 2d 501, 503-04 (Miss. 2003)).

## DISCUSSION

### I. THE VOTE.

¶7. The principal dispute in this election contest is over absentee ballots that were not certified as part of the final tally of the second primary election. Before addressing the absentee votes we will review challenges to three "regular ballots" which were included in the final tally:

**REGULAR BALLOTS**

3

| | |
|---|---|
| Exhibit #25 | This regular ballot was cast for Smith. |

The Tribunal found that, even though neither the manager or the assistant manager initialed the back of the ballot, they should be accepted. We agree. "[M]ere technical irregularities will not vitiate the validity of an election where there is no evidence of fraud or intentional wrong." *Campbell v. Whittington,* 733 So. 2d 820, 826 (Miss. 1994) (citing *Wilbourn v. Hobson*, 608 So. 2d 1187, 1192 (Miss. 1992)).

This vote is counted in favor of **Smith.** However, because this ballot was included in the box and therefore counted, the vote will not affect the final tally.

| | |
|---|---|
| Exhibit #26 | This regular ballot was cast for Smith. |

The Tribunal found that, even though neither the manager or the assistant manager initialed the back of the ballot, it should be accepted. We agree. *See Campbell.*

This vote is counted in favor of **Smith.** However, because this ballot was included in the box and therefore counted, the vote will not affect the final tally.

| | |
|---|---|
| Exhibit #27 | This regular ballot was cast for Smith. |

The Tribunal found that, even though neither the manager or the assistant manager initialed the back of the ballot, it should be accepted. We agree. *See Campbell.*

This vote is counted in favor of **Smith.** However, because this ballot was included in the box and therefore counted, the vote will not affect the final tally.

¶8. Finding that we agree with the Special Tribunal that the final tally from the second primary election is correct, we now address the disputed absentee ballots which were not part of the final tally – 499 votes for Hollins and 510 votes for Smith. To these totals we will add votes from the disputed absentee ballots that we find were legally cast, as follows:

**ABSENTEE BALLOTS INCLUDED IN THE RECORD**

4

| | |
|---|---|
| Bell, Preston | Bell voted for Hollins in Woodville #2. "Challenge" is written on the envelope for the absentee ballot application. |
| | Finding that Bell lived in Woodville #2, the Tribunal accepted this ballot. Because Smith failed to prove by a preponderance of the evidence that Bell did not live in Woodville #2, we agree. |
| | This vote is counted in favor of **Hollins**. |
| Bethley, Cleveland | Bethley voted for Hollins in Woodville #2. "Challenge - Redistrict" is written on the envelope for the ballot. |
| | Finding that Bethley lived in Woodville #2, the Tribunal accepted this ballot. Because Smith failed to prove by a preponderance of the evidence that Bethley did not live in Woodville #2, we agree. |
| | This vote is counted in favor of **Hollins**. |
| Boyd, Benjamin | Boyd voted for Smith in Woodville #2. "Challenge address" is written on the envelope for the absentee ballot application. |
| | Finding that Boyd lived in Woodville #2, the Tribunal accepted this ballot. Because Hollins failed to prove by a preponderance of the evidence that Boyd did not live in Woodville #2, we agree. |
| | This vote is counted in favor of **Smith**. |
| Dickerson, Charlotte | Dickerson voted for Hollins in Fort Adams. "Challenged - no name on application" is written on the envelope for the absentee ballot application. There is no signature of an attesting witness. |
| | The Tribunal accepted Dickerson's ballot inasmuch as she is disabled and her grandson assisted her. We disagree. Although a disabled person's signature on the ballot envelope is not required to be sworn, *someone* is required to sign their name as an attesting witness. In the absence of an attesting witness, this ballot cannot be counted. *See* Miss. Code Ann. § 23-15-631(1)(c) (Rev. 2001) |
| Ferguson, Annie | Ferguson voted for Hollins in Fort Adams. "Challenge - no name on application" is written on the envelope for the ballot. Ferguson's name is on the absentee ballot application, the |

application is initialed and the circuit clerk seal is affixed thereto.

The Tribunal accepted this ballot. We agree. Miss. Code Ann. § 23-15-627 (Rev. 2001) requires only that the application "have the seal of the circuit or municipal clerk affixed to it and be initialed by the registrar or his deputy."

This vote is counted in favor of **Hollins**.

| | |
|---|---|
| Fosselman, Jacqueline | Fosselman voted for Hollins in Woodville #2. "Challenge address" is written on the envelope for the ballot. |

Finding that Fosselman was registered under her maiden name in Woodville #2, the Tribunal accepted her ballot. Because Smith failed to prove by a preponderance of the evidence that Fosselman was not a resident of Woodville #2, we agree.

This vote is counted in favor of **Hollins.**

| | |
|---|---|
| Fountain, Samuel | Fountain voted for Hollins in Woodville #2. "Challenge Redistrict" is written on the envelope for the absentee ballot application. |

Finding that Fountain lived in Woodville #2, the Tribunal accepted this ballot. Because Smith failed to prove by a preponderance of the evidence that Fountain did not live in Woodville #2, we agree.

This vote is counted in favor of **Hollins**.

| | |
|---|---|
| Fountain, Timothy | Fountain voted for Hollins in Woodville #2. "Clerk's signature" is written on the envelope for the absentee ballot application. The signature of Mon Cree Allen, the Wilkinson County Circuit Clerk, is on the application. |

The Tribunal accepted this ballot. Because Smith failed to prove by a preponderance of the evidence that the signature was not that of Mon Cree Allen, we agree.

This vote is counted in favor of **Hollins**.

| | |
|---|---|
| Gaines, Carrie | Gaines voted for Hollins in Woodville #2. "Reject - name not across the flap" is written on the envelope for the absentee ballot |

6

application. Gaines' signature is on the back of the ballot envelope. However, the official title and the address of the attesting witness are not filled out on the back of the envelope, and Gaines' signature is not sworn.

The Tribunal rejected this ballot. We agree. *See* Miss. Code Ann. § 23-15-635 (Rev. 2001); *see also* **Campbell**, 733 So. 2d at 826 ("A person voting by absentee ballot must sign the *affidavit* on the ballot envelope.") (Emphasis added).

| | |
|---|---|
| Gaines, Flora | Gaines voted for Hollins in Woodville #2. "Challenge" is written on the envelope for the absentee ballot application. |

The Tribunal rejected this ballot. We agree. Gaines' signature on the back of the ballot envelope is not sworn. *See* Miss. Code Ann. § 23-15-635 (Rev. 2001); *see also* **Campbell**, 733 So. 2d at 826 ("A person voting by absentee ballot must sign the *affidavit* on the ballot envelope." (Emphasis added).

| | |
|---|---|
| Hollins, Beatrice | Beatrice voted for Hollins in Woodville #2. "Challenge address" is written on the envelope for the absentee ballot application. |

Finding that Beatrice lived in Woodville #2, the Tribunal accepted this ballot. Because Smith failed to prove by a preponderance of the evidence that Beatrice did not live in Woodville #2, we agree.

This vote is counted in favor of **Hollins**.

| | |
|---|---|
| Jackson, Edna | Jackson voted for Smith in Fort Adams. "No" is written on the envelope for the ballot. |

The Tribunal invalidated Jackson's ballot because Jackson was a convicted felon. Because Smith failed to prove by a preponderance of the evidence that Jackson was eligible to vote, we agree. *See* Miss. Code Ann. § 23-15-19 (Rev. 2001).

| | |
|---|---|
| James, Ronekia | James voted for Smith in Woodville #2. "Challenge clerk signature" is written on the envelope for the absentee ballot application. Mon Cree Smith's signature is on the application. |

The Tribunal accepted this ballot. Because Hollins failed to prove by a preponderance of the evidence that the application was improperly attested, we agree.

This vote is counted in favor of **Smith.**

Jarvis, Richard

Jarvis voted for Hollins in Woodville #2. "Challenge signature" is written on the envelope for the absentee ballot application

The Tribunal accepted this ballot. We agree. Even though Jarvis's signature appears to be the writing of the person who filled out and attested the application, Smith failed to prove by a preponderance of the evidence that the signature was not that of Jarvis.

This vote is counted in favor of **Hollins.**

Johnson, Stacy

Johnson voted for Hollins in Fort Adams. "Name not in book - challenged by Richard Hollins - good registered" is written on the envelope for the absentee ballot application.

At the hearing, Smith introduced a certified copy of a voting record from Baton Rouge, Louisiana, which showed that a "Stacy Johnson" voted in Baton Rouge three weeks prior to the Mississippi election. Johnson admitted that the birth date and the birth place of the Louisiana Stacy Johnson matched her own birth date and birth place. Johnson worked in Baton Rouge but she denied that she had voted there. Johnson also admitted that the address on the voting record from Louisiana was that of an aunt with whom she occasionally stayed while she was working in Louisiana. Johnson testified that, while she worked in Louisiana during the week, she returned to Wilkinson County on the weekends.

The Tribunal accepted Johnson's ballot. We disagree. We find that Smith's challenge to Johnson's ballot was proven by a preponderance of the evidence. The exact same names, dates of birth, and birth places on official Mississippi and Louisiana voting records and her admission that she maintained addresses in both Mississippi and Louisiana belie Johnson's testimony that she had not voted in Louisiana. We find that evidence exists for a court of proper jurisdiction to find that Johnson has violated Miss. Code Ann. § 23-15-17(1) (Rev. 2001).[1]

_____

[1]Miss. Code Ann. § 23-15-17(1) (Rev. 2001) provides in part as follows:

(1)     Any person who shall knowingly procure his or any other person's

8

Jones, Robert Lawrence

Jones voted for Smith in Fort Adams. "Name not on book" is written on the envelope for the ballot.

Mon Cree Adams testified that Jones's name was not included in the poll book in the Fort Adams precinct. The Tribunal rejected Jones' ballot, and we agree.

McCants, Wade

McCants voted for Smith in Woodville #2. "No" is written on the envelope for the ballot.

The Tribunal found that McCants lived in Woodville #2 and that the ballot should be accepted. We agree.

This vote is counted in favor of **Smith**.

McDonald, David

McDonald voted for Smith in Fort Adams. "Wrong district - no" is written on the envelope for the ballot.

The Tribunal found that, even though McDonald lived in Woodville #2, his vote cast in Fort Adams should be accepted. We agree.

This vote is counted in favor of **Smith.**

Mealey, Inez

Mealey voted for Hollins in Woodville #2. "Challenge - signature - flap" is written on the envelope for the absentee ballot application. The envelope is signed with an "X."

The Tribunal found that Mealey was assisted by her son and that her application for an absentee ballot and the ballot were properly executed by an attesting witness. We agree.

This vote is counted in favor of **Hollins**.

---

registration as a qualified elector when the person whose registration is being procured is not entitled to be registered, or when the person whose registration is being procured is being registered under a false name, or when the person whose registration is being procured is being registered as a qualified elector in any other voting precinct than that in which he resides, shall be guilty of a felony and, upon conviction, be fined not more than Five Thousand Dollars ($5,000.00) or imprisoned not more than five (5) years, or both. . . .

| | |
|---|---|
| Miles, Trevor | Miles voted for Smith in Fort Adams. "No" is written on the envelope for the ballot. |
| | Finding that Miles lived in Fort Adams, the Tribunal accepted his ballot. Because Hollins failed to prove by a preponderance of the evidence that Miles did not live in Fort Adams, we agree. |
| | This vote is counted in favor of **Smith**. |
| Palmer, Bessie | Palmer voted for Hollins in Woodville #2. "Voter challenge signature" is written on the envelope for the absentee ballot application. |
| | The Tribunal accepted this ballot. We agree. Even though Palmer's signature appears to be the writing of the person who filled out and attested the application, Smith failed to prove by a preponderance of the evidence that the signature was not that of Palmer. |
| | This vote is counted in favor of **Hollins.** |
| Payne, Reginald | Payne voted for Hollins in Woodville #2. "Challenge" is written on the envelope for the absentee ballot application. |
| | Finding that Payne lived in Woodville #2, the Tribunal accepted this ballot. Because Smith failed to prove by a preponderance of the evidence that Payne did not live in Woodville #2, we agree. |
| | This vote is counted in favor of **Hollins**. |
| Stewart, Irene | Stewart voted for Hollins in Fort Adams. "Challenged - no name on application" is written on the envelope for the absentee ballot application. Stewart's name is on the application, but it is not sworn. |
| | Stewart's absentee ballot was invalidated by the Tribunal because it was not sworn. We agree. Miss. Code Ann. § 23-15-631 (Rev. 2001) requires that the signature on an application for an absentee ballot must be sworn and attested. |
| Stutzman, Ozene | Stutzman voted for Smith in Fort Adams. "Wrong district - no" is written on the envelope for the ballot. |
| | The Tribunal found that Stutzman lived in the Woodville #4 district and invalidated her vote. Because Smith failed to prove |

10

|                |                                                                                                                                                                                                                                                      |
| -------------- | ---------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------- |
|                | by a preponderance of the evidence that Stutzman lived in Fort Adams, we agree.                                                                                                                                                                        |
| Wall, Betty    | Wall voted for Smith in Fort Adams.  "No" is written on the envelope for the ballot.                                                                                                                                                                    |
|                | The Tribunal invalidated Wall's vote because Wall's name did not appear on the Master List.  Because Hollins failed to prove by a preponderance of the evidence that Wall's name was on the Master List, we agree.                                      |
| Wells, Roscoe  | Wells voted for Hollins in Woodville #2.  "Challenge" was written on the envelope for the absentee ballot application.                                                                                                                                  |
|                | Finding that Wells lived in Woodville #2, the Tribunal accepted this ballot.  Because Smith failed to prove by a preponderance of the evidence that Wells did not live in Woodville #2, we agree.                                                        |
|                | This vote is counted in favor of **Hollins**.                                                                                                                                                                                                          |

## ABSENTEE BALLOTS NOT INCLUDED IN THE RECORD

¶9.    The Tribunal made the following findings of fact pertaining to eight voters whose absentee ballots are not included in the record:

> The parties stipulated that some voters whose names did not appear in the precin[c]t poll book were registered to vote in time for the election and their names appeared in the Master Roll kept by the Circuit Clerk.  These are the affected voters: Twanna Davis, Kerry Veals, Jeremy Williams, Yvetta Davis Alexander, Ophelia Hull Lewis, Leonard Credit, Sr., Laverne Myles and Robert Sturgis.  After a review of the evidence, the Court accepts that the following are in Woodville, No. 2: Twanna Davis, Kerry Veals, Yvetta Davis Alexander, and Leonard Credit, Sr.  The latter voted for Mr. Smith.  The rest voted for Mr. Hollins.

¶10.    Therefore, according to the Tribunal, the only challenge to these eight votes was whether or not the voters were included in the master poll book.  Our interpretation of the findings of fact is that the Tribunal validated four of the votes (Davis, Veals, Davis-Alexander

and Credit) and invalidated four of the votes (Williams, Lewis, Myles and Sturgis). This interpretation is borne out by the fact that the Tribunal counted the votes of Davis, Veals, Davis-Alexander and Credit and did not count the votes of Williams, Lewis, Myles and Sturgis in its final tally.

¶11.  Hollins claims that Williams, Lewis, Myles and Sturgis voted for him and their ballots should be counted. However, as mentioned previously, these ballots are not included in the record, so we cannot rule on the accuracy of the Tribunal's findings. Furthermore, if the Tribunal's failure to count these four votes was error, Hollins should have filed a motion to amend the Tribunal's findings of fact. This he did not do.

¶12.  Discussing each of these eight voters, we find as follows:

Alexander-Davis, Yvetta -    Alexander-Davis' ballot is not included in the record. The Tribunal's findings of fact show that she voted for Hollins.

Alexander-Davis was registered in Woodville #2 under the name of Yvetta Alexander. Because Smith failed to prove by a preponderance of the evidence that Alexander-Davis was not a resident of Woodville #2 or that Alexander-Davis voted for Smith, we agree.

Smith also challenges Alexander-Davis' ballot on the basis that she failed to register to vote within thirty days of the election. *See* Miss. Code Ann. § 23-15-11 (Rev. 2001). Alexander-Davis testified that she registered to vote approximately three weeks prior to the first primary, but she did register more than thirty days prior to the second primary. Smith cites no law which holds that a person who does not vote in a first primary cannot vote in a second primary.

This vote is counted in favor of **Hollins**.

Credit, Leonard, Sr.    Credit's ballot is not included in the record. The Tribunal accepted his vote in favor of Smith. We disagree because Credit failed to register more than 30 days prior to the election (Credit

registered on August 8, and the election was held on August 26). *See* Miss. Code Ann. § 23-15-11 (Rev. 2001).

| | |
|---|---|
| Davis, Tawanna | Davis' ballot is not included in the record. The Tribunal's findings of fact show that Davis voted for Hollins. |
| | The Tribunal found that Davis resided in Woodville #2. Because Smith failed to prove by a preponderance of the evidence that Davis did not live in Woodville #2 or that Davis voted for Smith, we agree. |
| | This vote is counted in favor of **Hollins**. |
| Lewis, Ophelia | Lewis' ballot is not included in the record. The Tribunal made no findings of fact concerning Lewis' ballot, and her vote was not included in the Tribunal's final tally. |
| | Hollins contends that her purported vote in favor of Hollins should be counted; however, Hollins neither introduced her ballot into evidence nor filed a motion to correct the record. We find that Hollins has failed to prove by a preponderance of the evidence that Lewis' absentee ballot was valid and should have been counted. |
| Myles, Laverne | Myles' ballot is not included in the record. The Tribunal made no findings of fact concerning Myles' ballot. Hollins contends that her purported vote in favor of Hollins should be counted; however, Hollins neither introduced her ballot into evidence nor filed a motion to correct the record. We find that Hollins has failed to prove by a preponderance of the evidence that Myles' absentee ballot was valid and should have been counted. |
| Sturgis, Robert | Sturgis' ballot is not included in the record. The Tribunal made no findings of fact concerning Sturgis' ballot. Hollins contends that his purported vote in favor of Hollins should be counted; however, Hollins neither introduced his ballot into evidence nor filed a motion to correct the record. We find that Hollins has failed to prove by a preponderance of the evidence that Sturgis' absentee ballot was valid and should have been counted. |
| Veals, Kerry | Veals' ballot is not included in the record. The Tribunal's findings of fact show that Veals voted for Hollins. |

After Veals testified that he resided in Woodville #2, the Tribunal found that he resided in Woodville #2. Because Smith failed to prove by a preponderance of the evidence that Veals did not live in Woodville #2 or that he voted for Smith, we agree.

This vote is counted in favor of **Hollins**.

Williams, Jeremy     Williams' ballot is not included in the record. The Tribunal made no findings of fact concerning Williams' ballot. Hollins contends that his purported vote in favor of Hollins should be counted; however, Hollins neither introduced his ballot into evidence nor filed a motion to correct the record. We find that Hollins failed to prove by a preponderance of the evidence that Williams' ballot was valid and should have been counted.

¶13. The vote tally immediately after the second primary and prior to the convening of the Tribunal was 499 for Hollins and 510 for Smith. After a careful review of the record on appeal, we find as follows:

1. Valid absentee votes for Hollins: Alexander-Davis, Bell, Bethley, Davis, Ferguson, Fusselman, Fountain, S., Fountain, T., Hollins, B., Jarvis, Healey, Palmer, Payne, Veals and Wells. (15 total).

2. Invalid absentee votes for Hollins: Dickerson, Gaines, C., Gaines, F., Johnson, and Stewart. (5 total).

3. Valid absentee votes for Smith: Boyd, James, McCants, McDonald and Miles. (5 total).

4. Invalid absentee votes for Smith: Credit, Jackson, Jones, Stutzman, and Wall. (5 total).

5. Absentee ballots otherwise invalid: Lewis, Myles, Sturgis and Williams. (4 total.)

14

6. The final corrected tally is therefore 514 (499 + 15) votes for Hollins and 515 (510 + 5) votes for Smith.

## II. WHETHER A SPECIAL ELECTION IS REQUIRED.

¶14. Miss. Code Ann. § 23-15-937 (Rev. 2001), which governs special elections for contested primary elections, provides that if the contestant (Smith) prevails in an election contest and the contestee (Hollins) has already taken office, "the Governor, or the Lieutenant Governor in case the Governor be a party to the contest, shall call a special election for the office or offices involved." Because the statute is unambiguous we must interpret it strictly. We believe that in this case the application of the statute will work an injustice. Smith and Hollins were the only two persons to run in the Democratic primary for the seat on the board of supervisors. No Republican or Independent qualified to run, and Hollins therefore ran unopposed in the general election. We have determined that only Smith's name should have been on the general election ballot, just as Hollins' name was. Equity demands that Smith should be allowed to take the seat on the board of supervisors without any further action. *Cf. McIntosh v. Sanders*, 831 So. 2d 1111 (Miss. 2002) (courts may have discretion in calling a special election for county election commission, and where the contestant and the contestee were the only candidates for the office, there was no need for a special election). However, because the statute applies and because the statute does not allow judges to use their discretion, we must order that a special election be held. We urge the Legislature to cure the gross inequity that candidates under these circumstances must face, and we reluctantly hold that a special election must be held.

¶15.    In so holding, we must overrule the case of ***Hatcher v. Fleeman***, 617 So. 2d 634 (Miss. 1993), to the limited extent that we erroneously held there that a special election was not required.    ***Hatcher*** involved a party primary election for a seat on the board of supervisors. The primary election ended in a tie.    Hatcher contested the election, and a special tribunal found that Fleeman was the winner by one vote.    We held that a special election was not required:  (1) "[T]he will of the voters [had] been discerned. . . ."   (2) "Only two ballots were disqualified, not ballots of the entire precinct. . . .";  and (3) "[The] disqualification of the two illegal ballots change[d] the result of the election from a tie to a win for Fleeman by one vote . . . ."  617 So. 2d at 641.    This holding is directly contrary to Miss. Code Ann. § 23-15-937 (Rev. 2001); and therefore, ***Hatcher*** must be, and is overruled to the limited extent that we erroneously held that a special election was not required.

### CONCLUSION

¶16.    The final tally is determined to be 515 votes for Edward Kirk Smith and 514 votes for Richard Hollins.    We reverse and render the Tribunal's judgment and declare Edward Kirk Smith the winner of the second Democratic primary election for the position of member of the Board of Supervisors of Wilkinson County, Mississippi, District Two.    Accordingly, a special election shall be conducted, as provided by applicable law.

¶17.    We order the Clerk of this Court to send certified copies of this opinion to the Governor of the State of Mississippi, the Secretary of State of the State of Mississippi, the Attorney General of the State of Mississippi, each of the Wilkinson County Election Commissioners, the Wilkinson County Board of Supervisors, and the Wilkinson County Circuit Clerk.

¶18.    **REVERSED AND RENDERED.**

**COBB, P.J., EASLEY, DICKINSON AND RANDOLPH, JJ., CONCUR.  GRAVES, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.  CARLSON, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY SMITH, C.J.  DIAZ, J., NOT PARTICIPATING.**

**CARLSON, JUSTICE, CONCURRING IN PART AND DISSENTING IN PART:**

¶19.    While I concur in the majority opinion, insofar as its declaration that Edward Kirk Smith is the winner of the second Democratic primary election for the position of District Two Supervisor in Wilkinson County, Mississippi, I respectfully part ways with the majority in its declaration that a special election must be held pursuant to Miss. Code Ann. § 23-15-937 (Rev. 2001).  Although I agree that we must strictly interpret the statute, I do not interpret the statute in the same way as the majority.  Instead of overruling *Hatcher v. Fleeman*, 617 So.2d 634 (Miss. 1993), which the majority has now done, I would apply *Hatcher* to rule that under the facts and circumstances peculiar to this particular case, a special election is not warranted. *Id.* at 640-41. Since the Democratic nominee was unopposed in the November, 2003 general election and since Edward Kirk Smith should have been that nominee, I would rule that Edward Kirk Smith is entitled to the office of District Two Supervisor for the term of office commencing in January, 2004, and order that he be commissioned accordingly.  The citizens of Wilkinson County in general, and of District Two in particular, are entitled to finality and certainty as to who their District Two supervisor is.  This cloud of uncertainty has been hanging over Wilkinson County since August 5, 2003.  It is time to remove it now.

¶20.    For these reasons, I respectfully concur in part and dissent in part.

**SMITH, C.J., JOINS THIS OPINION.**

17