# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2006-CA-01378-SCT

### *IN RE: ESTATE OF PETER FARMER, JR., DECEASED BY PETER FARMER, SR., ADMINISTRATOR*

| | |
|---|---|
| DATE OF JUDGMENT: | 06/22/2006 |
| TRIAL JUDGE: | HON. DOROTHY WINSTON COLOM |
| COURT FROM WHICH APPEALED: | LOWNDES COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | TERRY WALLACE |
| ATTORNEY FOR APPELLEE: | NANCY H. STUART |
| NATURE OF THE CASE: | CIVIL - WILLS, TRUSTS, AND ESTATES |
| DISPOSITION: | AFFIRMED - 09/13/2007 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE WALLER, P.J., DICKINSON AND RANDOLPH, JJ.**

**WALLER, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     Peter Farmer, Sr., as administrator of the Estate of Peter Farmer, Jr. ("Farmer"), filed a petition to determine heirs in the Chancery Court of Lowndes County. After hearing the evidence, the chancellor found an illegitimate minor son to be the sole heir at law. The administrator now appeals.

## FACTS

¶2.     Peter Farmer, Jr., was engaged to be married to LaQuante Sanders when Sanders gave birth to his illegitimate child on June 29, 2001. The parties do not contest the fact that the minor child was Farmer's child. Farmer died on November 15, 2003, without ever marrying Sanders. A petition to determine Farmer's heirs was filed by his father and notice of a hearing was served on Sanders, as the minor child's mother. At the hearing, the chancellor

found that "testimony revealed and no party disputed that the deceased, Peter Farmer, Jr., is listed as the father of [the minor child] on the minor child's birth certificate and that Peter Farmer, Jr., acknowledged the birth certificate." The chancellor held that the "paternity of [the minor child] had been established prior to the death of . . . Peter Farmer, Jr." An attested copy of the minor child's birth certificate and a signed and notarized copy of the acknowledgment of paternity, both bearing the signature of Peter Louis Farmer, Jr., have been supplemented to the record by order of this Court.

## DISCUSSION

¶3. We will not interfere with or disturb a chancellor's findings of fact unless those findings are manifestly wrong, clearly erroneous, or an erroneous legal standard was applied. *Smith v. Hollins*, 905 So. 2d 1267, 1270 (Miss. 2005) (citations omitted). For questions of law, we employ a de novo standard of review and will reverse only for an erroneous interpretation or application of the law. *Smith*, 905 So. 2d at 1270 (citations omitted).

> **WHETHER THE MINOR CHILD'S PATERNITY WAS ESTABLISHED PRIOR TO FARMER'S DEATH AND WHETHER HE CAN INHERIT DESPITE THE LAPSE OF TIME FROM FARMER'S DEATH.**

¶4. Mississippi Code Annotated Section 93-9-28 (Rev. 2004) establishes a procedure by which the natural father of an illegitimate child may voluntarily acknowledge the child as his own. Within twenty-four hours of the birth of the child, the health care providers who assisted in the delivery of the child provide the father with a form generated by the Mississippi Department of Health which states that "the execution of the acknowledgment of paternity shall result in the same legal effect as if the father and mother had been married at the time of the birth of the child." The father completes and executes the form before a

2

notary public associated with the health care provider. The form is then be forwarded to the Department of Health. Upon receipt, the Department of Health enters the name of the father on the certificate of birth. Section 93-9-28 is the only statute which provides a method for a father voluntarily to acknowledge an illegitimate child as his own.

¶5. Mississippi Code Annotated section 91-1-15 (Rev. 2004) requires an illegitimate child to establish paternity before, or within a specific period of time after, the death of the putative father. While Sanders admits she did not institute paternity proceedings within the required time, section 93-9-28 provides, "[T]he execution of the acknowledg[]ment of paternity shall result in the same legal effect as if the father and mother had been married at the time of the birth of the child." Miss. Code Ann. § 93-9-28 (Rev. 2004). We hold the language of this section satisfies the requirements of section 91-1-15(3)(a), such that the minor can inherit from his natural father where the father has executed an acknowledgment of paternity.

## CONCLUSION

¶6. In light of the evidence contained within the transcript and record as supplemented, we find the chancellor's judgment to be supported by substantial evidence, and not manifestly wrong or clearly erroneous. Therefore, the chancellor's judgment that the minor child is the sole heir-at-law of Farmer is hereby affirmed.

¶7. **AFFIRMED.**

**SMITH, C.J., DIAZ, P.J., EASLEY, CARLSON, GRAVES, DICKINSON, RANDOLPH AND LAMAR, JJ., CONCUR.**