CARLTON, J.,
dissenting:
¶ 86. I respectfully dissent from the majority. I submit that this Court should reverse and remand this case to the chancellor for further review. The record fails to show that Cora Badgett McIntosh possessed a sole ownership interest in Floyd McIntosh’s property[5] when she purported to convey the property, as his sole heir, in 1983 with knowledge of the existence of Floyd’s predeceased heir, his predeceased illegitimate daughter Della Mae McIntosh, and with knowledge of Floyd’s five grandchildren born to Della. The 1988 deed, wherein Cora deeded one acre of the property in dispute, reflects that she represented her status in the conveyance as Floyd’s sole heir. This 1983 conveyance occurred during the three-year window created by Mississippi Code Annotated section 91-1-15 (Supp.2010), wherein illegitimates could bring actions in estates where the decedent died prior to July 1, 1981. During this window, Cora was not the only potential heir of Floyd. “[Ó]nce a question arises as to a person’s status as a lawful heir of the estate, an action to establish heirship must be brought....” Robert A. Weems, Wills and Administration of Estates in Mississippi § 1:21 (3rd ed.2003). Della’s heirs received no prior notice of the 1983 conveyance. Accordingly, I would remand this case to the chancellor for a determination of whether this 1983 conveyance by Della tolled the three-year window set forth in Mississippi Code Annotated section 91-1-15 as to Floyd’s grandchildren, the children of his illegitimate daughter, Della. See Weems, at § 1:5 (addressing heirs at law and the right of representation being conferred on children, grandchildren, and so forth).
¶ 37. Admittedly, a proper administration of Floyd’s intestate estate would have provided notice[6] to any other putative heirs claiming an interest in such property. However, since no such administration occurred prior to Cora’s sale of Floyd’s property in 1983, then proper notice as required by law was not provided to any of Floyd’s putative heirs at that time when the property, wherein they now claim an interest, was conveyed. See generally Weems, at § 1:10 (showing clearly that an administrator, where appointed, would have been required to provide such notice). Hence, I respectfully submit that the chancellor must evaluate whether the lack of notice[7] that occurred at the time of the 1983 conveyance tolled the statute of limitations, or not, in the assertion of rights or claims of any existing putative heirs of Floyd. See In re Estate of Farmer ex rel. Fanner, 964 So.2d 498, 500 (Miss.2007) (holding that acknowledgment satisfying *207 Mississippi Code Annotated section 93-9-28 (Rev.2004) also satisfied the requirements for heirship rights pursuant to Mississippi Code Annotated section 91 — 1— 15(3)(a) (Rev.2004)).
¶ 38. A review of the birth certifícate in the record reflects that Floyd voluntarily acknowledged Della on her birth certificate in 1965, when she was thirty-nine years old, because she never possessed a birth certificate prior to that time.[8] Hence, Floyd provided such as his reason for his lack of prior acknowledgment. Moreover, the facts of this case fail to establish that Della’s birth occurred at a hospital or that she possessed any birth certificate prior to 1965.
¶ 39. Based upon the foregoing reasons, I would reverse and remand this case to the chancellor for further consideration.

. The record indicates that Floyd and Cora did not hold the property as joint tenants with rights of survivorship.

. I submit that Cora should not escape notice requirements simply because she failed to open an administration of Floyd’s estate.

.Specifically, the chancellor should address whether Cora's representation, or misrepresentation, that she stood as the sole heir of Floyd at the time when she deeded the acre in 1983 served to toll the three-year window for illegitimates to establish rights in estates.

. I mention this notation on the birth certificate to ensure that no inference is raised to insinuate that Floyd’s delay in providing a public voluntary acknowledgment of Della as his daughter was for any reason other than the mere fact that Della did not have a birth certificate prior to this late date.