# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2017-EC-01587-SCT

*WILLIAM RANDLE, JR. a/k/a BOOMAN AND*
*THE DEMOCRATIC EXECUTIVE COMMITTEE*
*OF THE CITY OF OKOLONA, MISSISSIPPI*

*v.*

*TOMMIE JAMES IVY, SR.*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/17/2017 |
| TRIAL JUDGE: | HON. BARRY W. FORD |
| TRIAL COURT ATTORNEYS: | GARY STREET GOODWIN |
| | WALTER HOWARD ZINN, JR. |
| COURT FROM WHICH APPEALED: | CHICKASAW COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | WALTER HOWARD ZINN, JR. |
| ATTORNEY FOR APPELLEE: | GARY STREET GOODWIN |
| NATURE OF THE CASE: | CIVIL - ELECTION CONTEST |
| DISPOSITION: | ON DIRECT APPEAL: AFFIRMED IN PART, REVERSED IN PART AND REMANDED. ON CROSS-APPEAL: DISMISSED - 01/31/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE WALLER, C.J., CHAMBERLIN AND ISHEE, JJ.

### CHAMBERLIN, JUSTICE, FOR THE COURT:

¶1. Tommie James Ivy Sr. filed an election contest against William Randle Jr. and the Democratic Executive Committee of the City of Okolona following the primary election of the Democratic nominee for the office of city marshall. The special tribunal rendered a judgment in favor of Ivy, ordered a special election and excluded Randle from the special election. Randle appealed, and Ivy cross-appealed. The Court holds that the special tribunal

properly determined that a special election was required but improperly held that Randle was excluded from being a candidate. Therefore, the Court affirms in part, reverses in part and remands. Further, the cross-appeal is dismissed.

**FACTS**

¶2.     On May 2, 2017, a primary election for the Democratic nominee was held between three candidates for the office of city marshall of the City of Okolona, Mississippi. William Randle Jr. and Tommie James Ivy Sr. received the highest number of votes, requiring a runoff election. A primary runoff election was held on May 16, 2017. The result was very close. Randle was certified the winner with 522 votes. Ivy received 521 votes.

¶3.     Ivy filed a Petition to Contest the Election under Mississippi Code Section 23-15-921 (Rev. 2018). The Democratic Executive Committee of the City of Okolona held a hearing, denied relief to Ivy and dismissed the petition. Ivy filed a Petition for Judicial Review of the Election Contest. A special judge was appointed.

¶4.     In the meantime, Randle proceeded to the general election. He ran against an independent candidate, Tommie James Ivy Jr., and won. He held the office of city marshall at the time of the special tribunal's hearing and judgment.

¶5.     At the hearing before the special tribunal, Ivy questioned the legality of eleven affidavit ballots from five different wards. After testimony from the people who placed the questioned votes, the special tribunal determined that nine votes were illegal and two were legal. With the new vote totals, the special tribunal found from the bench that Ivy had received 518 votes and Randle had received 516 votes. Further, the special tribunal stated

2

that no fraud or "an intention to do anything to determine the outcome of [the] race" existed

and that a special election should be held. In a subsequent written judgment, the special

tribunal provided,

> Pursuant to § 23-15-937 of the Mississippi Code of 1972, as amended, a special election is required to be conducted by the City of Okolona, in which Tommie James Ivy, Sr. shall be designated on the ballot as the Democratic party nominee and Tommie James Ivy, Jr. shall be designated on the ballot as an independent candidate for the office.

Randle appealed. Ivy cross-appealed.[1]

¶6. The governor issued a writ of election, which was filed and certified. Randle filed an

Emergency Motion to Stay Judgment Pending Appeal with this Court and the trial court.

Both this Court and the trial court denied Randle's motion. Tommie James Ivy Jr. then

indicated his intention to withdraw from the race (thus seeking tranquility at future family

reunions). The Okolona Election Commission met to consider the writ of election and the

withdrawal of the independent candidate, Tommie James Ivy Jr. The Commission found

uncontested the nomination of Tommie James Ivy Sr. and dispensed with the pending special

election. Ivy took his oath of office and entered bond, assuming the position of city marshall

on December 17, 2017.

---

[1]The Notice of Cross-Appeal states that Ivy is appealing the trial court's denial of the assessment of court costs against Randle. Although the cross-appeal does not appear to have been dismissed, Ivy's brief does not address the issue. Therefore, the Court considers it abandoned and dismisses it.

## STATEMENT OF THE ISSUES

¶7.     On appeal, the parties do not dispute the special tribunal's findings that nine of the eleven affidavit ballots were illegal and that neither fraud nor an intention to determine the outcome existed.  Randle presents two issues, which are provided verbatim:

> 1.     Whether Special Tribunal erred in determining a Special Election for a General Election instead of a Primary Election?
>
> 2.     Whether Special Tribunal erred in excluding Contestee /Appellant from Special Election?

Ivy consolidates the two issues into one issue, which is provided verbatim:

> Did the special tribunal err in determining that a special election was required and if appellant was properly excluded as a candidate?

The Court restates the issues as follows:

> (1)     Whether the special tribunal erred in determining that a special election was required.
>
> (2)     Whether the special tribunal erred in excluding Randle from the special election.

## STANDARD OF REVIEW

¶8.     "In an election contest, the standard of review for questions of law is de novo." *McDaniel v. Cochran*, 158 So. 3d 992, 995 (Miss. 2014).  Further, the Court reviews the finding of facts of the "trial judge sitting without a jury for manifest error, including whether the findings were the product of prejudice, bias, or fraud, or manifestly against the weight of the credible evidence." *Thompson v. Jones*, 17 So. 3d 524, 526 (Miss. 2008) (internal quotation omitted).

4

## ANALYSIS

### (1) Whether the special tribunal erred in determining that a special election was required.

¶9. Randle argues that the special tribunal should have ordered a special "primary" election, not simply a special election. Ivy maintains that the special tribunal properly found Ivy to be the winner of the primary and that it properly called a special election. Further, Ivy states that Randle's argument is not supported by any citation of authority.

¶10. The Court first considers whether Randle's argument is supported by authority. The Court routinely holds that the "failure to cite legal authority in support of an issue is a procedural bar on appeal." *Lane v. Lampkin*, 234 So. 3d 338, 350 (Miss. 2017) (internal quotation omitted). Although Randle's briefs do not contain many citations, they do contain some. Specifically, both briefs cite the statute governing the issues on appeal: Mississippi Code Section 23-15-937. Therefore, Randle's argument is not barred.

¶11. Section 23-15-937 provides the procedure for a primary election contest when the official ballots of the general election have already been printed and/or the general election has already occurred. *See* Miss. Code Ann. § 23-15-937 (Rev. 2018). It states that the contest "shall not thereby be dismissed but the cause shall nevertheless proceed to final judgment and if the judgment is in favor of the contestant, the election of the contestee shall thereby be vacated and the Governor . . . shall call a special election for the office or offices involved." *Id.* The Court has held that Section 23-15-937 is unambiguous; therefore, the Court "must interpret it strictly." *Smith v. Hollins*, 905 So. 2d 1267, 1277 (Miss. 2005).

¶12.    Here, the special tribunal found Ivy to be the winner of the primary. The special tribunal's judgment, therefore, was in favor of the contestant.[2] *See* Miss. Code Ann. § 23-15-937. The special tribunal then stated that a special election "is required." At the time of the special tribunal's judgment, a general election had already occurred, and Randle was occupying the office of city marshall. Thus, the special tribunal correctly found that a special election was required under Section 23-15-937.

> **(2)    Whether the special tribunal erred in excluding Randle from the special election.**

¶13.    Randle maintains that he "should have been in the Special Election." Notably, however, he also maintains that two special elections should have occurred: a special "primary" election and a special "general" election. Ivy maintains that a special election was required with him as the Democratic candidate and Tommie James Ivy Jr. as the independent candidate.

¶14.    In ***Thompson***, the Court addressed whether a "special primary election and a special general election is proper" once the general election has already occurred. ***Thompson***, 17 So. 3d at 528. The Court looked to ***Blakeney v. Mayfield***, 84 So. 2d 427 (Miss. 1956),[3] to understand the meaning of a special election. ***Thompson***, 17 So. 3d at 529. ***Blakeney*** stated, "The phrase 'special election' is clearly intended to mean a special election in the

---

[2]Notably the parties are not arguing that the special tribunal erred in determining Ivy to be the winner. The arguments address the procedure surrounding special elections.

[3]Although the statute numbers have changed, the text of the statute that ***Blakeney*** interpreted matches the pertinent part of Section 23-15-937. *See* Miss. Code Ann. § 23-15-937 (original version at Miss. Code § 3187 (1942)).

6

usual sense of that term, [sic] and not a party primary.  Nor does this statute contemplate a party primary after the general election . . . ."  ***Blakeney***, 84 So. 2d at 428.

¶15.    Mississippi Code Sections 23-15-857 and 859 (Rev. 2018) provide the procedure for filling a vacancy and conducting a special election for an elected office of a city. Specifically, Section 23-15-857 provides the process for qualifying to fill the vacancy. Section 23-15-859 provides the required notice and time constraints for the special election if "the statute authorizing or requiring the election" does not provide that information.  Miss. Code Ann. § 23-15-859. The statutes do not limit a special election to certain candidates, as the special tribunal did here.  Further, ***Blakeney*** and ***Thompson*** clarify that a special election proceeds "in the usual sense of that term." ***Blakeney***, 84 So. 2d at 428, ***Thompson***, 17 So. 3d at 529. Therefore, the special tribunal erred in excluding Randle from the special election.

¶16.    Before concluding, this Court recognizes the statutory constraints which control today's holding.  Although Randle disputes the nature of the special election, saying it should have been a special "primary" election, he also concedes that the special tribunal "did appropriately determine the outcome of the votes and that a special election should have been called . . . ."  Thus, no dispute exists that Ivy won the primary.  However, because a general election had already occurred, the special tribunal and the Court are both constrained to hold that a special election was required and that the general rules for special elections do not exclude Randle.  In a case with similar facts, the Court recently noted the potential inequity of the instant holding. The Court stated,

> Equity demands that Smith should be allowed to take the seat on the board of supervisors without any further action. . . . However, because the statute

7

applies and because the statute does not allow judges to use their discretion, we must order that a special election be held. We urge the Legislature to cure the gross inequity that candidates under these circumstances must face, and we reluctantly hold that a special election must be held.

*Smith*, 905 So. 2d at 1277–78. For these reasons, the Court holds that Randle should not have been excluded from the special election.

## CONCLUSION

¶17. While the special tribunal correctly found that Section 23-15-937 requires a special election, the special tribunal erred in excluding Randle from the special election. The judgment of the special tribunal is affirmed in part, reversed in part and remanded. Further, the cross-appeal is dismissed.

¶18. **ON DIRECT APPEAL: AFFIRMED IN PART, REVERSED IN PART AND REMANDED. ON CROSS-APPEAL: DISMISSED.**

**WALLER, C.J., RANDOLPH AND KITCHENS, P.JJ., KING, COLEMAN, MAXWELL, BEAM AND ISHEE, JJ., CONCUR.**