# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CA-00417-COA

SPENCER DIAZ                                                          APPELLANT

v.

DEPARTMENT OF HUMAN SERVICES, STATE                            APPELLEES
OF MISSISSIPPI AND LORA M. LEDET

DATE OF JUDGMENT:          02/14/2018
TRIAL JUDGE:               HON. JENNIFER T. SCHLOEGEL
COURT FROM WHICH APPEALED: HANCOCK COUNTY CHANCERY COURT
ATTORNEY FOR APPELLANT:    NITA LOUISE CHASE
ATTORNEYS FOR APPELLEES:   MATTHEW GARRETT CLARK
                           MELANIE ANN SMITH
                           LORA M. LEDET (PRO SE)
NATURE OF THE CASE:        CIVIL - DOMESTIC RELATIONS
DISPOSITION:               AFFIRMED - 09/10/2019
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE CARLTON, P.J., WESTBROOKS AND McCARTY, JJ.

### WESTBROOKS, J., FOR THE COURT:

¶1.    Spencer Diaz filed a petition for disestablishment of paternity and termination of parental rights of a child he shared with Lora Ledet, alleging that his signature on the acknowledgment of paternity was a forgery. Following a trial, the chancery court denied Diaz's petition and Diaz appeals. After review of the record, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2.    Lora Ledet and Diaz began dating when Lora was about 8 or 9 months pregnant. At trial, Lora testified that she was "ready to pop" when she began dating Diaz. Lora gave birth

to her son, John[1], in October 2010. John's last name was listed as "Ledet" on his birth certificate, and no father was listed. Lora and Diaz eventually moved in together. Diaz testified that he provided financial support for Lora and her three children, including John.

¶3. Lora testified that on April 15, 2014, she and Diaz executed a simple acknowledgment of paternity under Mississippi Code Annotated section 93-9-28 (Rev. 2013), stating that Diaz was John's father. Ten days later, the Department of Vital Records issued an amended birth certificate, listing "Spencer Diaz" as John's father and listing John's last name as "Diaz." Diaz, however, testified that he never signed the acknowledgment and does not know how his signature appeared on the document. Diaz also testified that the notary's seal was placed on the document in a location which caused the notary's name and ID number to be totally obscured.

¶4. Lora and Diaz parted ways in October 2015. The Department of Human Services filed a complaint for support and other relief against Diaz in November 2016, requesting the chancellor order Diaz to provide child support and medical support for John. Diaz maintains that the complaint was the first time he had received notice that he was John's legal father.

¶5. In January 2017, Diaz filed a complaint to disestablish paternity of John alleging that his signature on the acknowledgment was a forgery. Following a trial, the chancery court denied Diaz's petition for disestablishment of paternity, termination of parental rights, and other relief in February 2018. Aggrieved, Diaz appeals.

## STANDARD OF REVIEW

---

[1] To protect the identity of the minor child, he will be referred to by the fictitious name, "John."

¶6.    "The admission of evidence is within the discretion of the chancellor, and reversal is not warranted unless judicial discretion is abused." *Sproles v. Sproles*, 782 So. 2d 742, 749 (¶29) (Miss. 2001) (citing *Smith v. Jones*, 654 So. 2d 480, 486 (Miss. 1995)).

## DISCUSSION

I.    **Whether the chancery court erred in admitting the birth certificate and acknowledgement.**

¶7.    Under Mississippi Code Annotated section 41-57-9 (Rev. 2013), "[a]ny copy of the records of birth, sickness or death, when properly certified to by the state registrar of vital statistics, to be a true copy thereof, shall be prima facie evidence in all courts and places of the facts therein stated."

¶8.    Moreover, the simple acknowledgement of paternity form was submitted in accordance with Mississippi Code Annotated section 93-9-28. There is a method for an alleged father to voluntarily acknowledge a child as his own. In *In re Estate of Farmer ex rel. Farmer*, 964 So. 2d 498, 499-500 (¶4) (Miss. 2007), the Mississippi Supreme Court held that "Mississippi Code Annotated Section 93-9-28 (Rev. 2004) establishes a procedure by which the natural father of a [child born out of wedlock] may voluntarily acknowledge the child as his own." "[T]he execution of [an] acknowledg[]ment of paternity shall result in the same legal effect as if the father and mother had been married at the time of the birth of the child." *Id*. (alteration in the original). Section 93-9-28(1) provides:

> The Mississippi State Department of Health in cooperation with the Mississippi Department of Human Services shall develop a form and procedure which may be used to secure a voluntary acknowledgement of paternity from the mother and father of any child born out of wedlock in Mississippi. The form shall clearly state on its face that the execution of the

3

acknowledgement of paternity shall result in the same legal effect as if the father and mother had been married at the time of the birth of the child. The form shall also clearly indicate the right of the alleged father to request genetic testing through the Department of Human Services within the one-year time period specified in subsection (2)(a)(i) of this section and shall state the adverse effects and ramifications of not availing himself of this one-time opportunity to definitively establish the paternity of the child. When such form has been completed according to the established procedure and the signatures of both the mother and father have been notarized, then such voluntary acknowledgement shall constitute a full determination of the legal parentage of the child. The completed voluntary acknowledgement of paternity shall be filed with the Bureau of Vital Statistics of the Mississippi State Department of Health. The name of the father shall be entered on the certificate of birth upon receipt of the completed voluntary acknowledgement.

¶9.     Here, Diaz maintains that the notary's failure to have the parties sign the book under Mississippi Code Annotated section 25-33-5 (Rev. 2010) prohibits the admittance of the acknowledgment and reissued birth certificate. This Code section provides that "[e]very notary public shall keep a fair register of all his official acts, and shall give a certified copy of his record, or any part thereof, to any person applying for it and paying the legal fees therefor." The statute requires only that the notary keep a record of all of [the] official acts. The section does not outline how to maintain that record. But Title 1 of the Mississippi Administrative Code, part 5, rule 5.16(B) (Nov. 30, 2011) provides that "[i]f the principal is not personally known to the notary, the notary *may* require, the signature of the principal . . . ." (Emphasis added).

¶10.    Our Mississippi Supreme Court has held that the mere failure to strictly follow form will not render an acknowledgment void. *See Estate of Dykes v. Estate of Williams*,[2] 864 So.

---

[2] One of the issues in *Dykes* was whether a purported deed was patently void when it was not properly executed, notarized, and acknowledged according to Mississippi Code Annotated sections 87-3-3, 89-3-1, and 89-3-7(f) (Rev. 2010). *Dykes*, 864 So. 2d at 931

4

2d 926, 931 (¶20) (Miss. 2003); *see also in re Jefferson*, No. 11-51958-KMS, 2015 WL 359901, at *5 (Bankr. S.D. Miss. Jan. 26, 2015) (holding that Mississippi Code Annotated section 25-33-5(Rev. 2010) does not indicate that a notarization not properly recorded in the notary's log book is void, nor does it indicate that the notarized document is rendered defectively acknowledged due to the recordation failure).

¶11.    In accordance with Mississippi caselaw, we find that lack of logbook entry does not deem the acknowledgment void.  The chancery court considered all the testimony presented during the trial and followed the statutory procedures set forth in admitting the documents into evidence.  Accordingly, we find no error.

II.      **Whether the chancery court erred in ruling that forgery had not been proven by clear and convincing evidence.**

¶12.    Diaz next maintains that the chancery court erred in ruling that he did not prove that the acknowledgment was a forgery by clear and convincing evidence.  "Forgery must be proven by clear and convincing evidence." *Greenlee v. Mitchell*, 607 So. 2d 97, 106 (Miss. 1992).  "The chancellor was in a far better position than are we to determine whether the expert knew what he was talking about and whether his opinion was credible and to determine the credibility of [witness testimony]." *Id*. at 107.

¶13.    Here, no expert witness was called to verify the authenticity of Diaz's signature.  Therefore, the chancellor was charged with weighing the testimony and credibility of witnesses.  At trial, both Diaz and his father testified that the signature was inauthentic.  But,

---

(¶18).  The Mississippi Supreme Court found that "notwithstanding the failure to strictly follow form, the acknowledgment contain[ed] all the necessary information and, therefore, should not be held fatal. . . ." *Id*. at 931 (¶21).

"[t]he credibility of the witnesses and the weight of their testimony, as well as the interpretation of evidence where it is capable of more than one reasonable interpretation, are primarily for the chancellor as the trier of facts." *Johnson v. Gray*, 859 So. 2d 1006, 1014 (¶36) (Miss. 2003). Accordingly, we find no error.

### III. Whether the chancery court erred in refusing to disestablish paternity.

¶14. Diaz asserts that the chancery court erred in refusing to disestablish paternity. We disagree.

¶15. Diaz voluntarily listed himself as the child's biological father on forms given to the child's school and provided financial and emotional support for the child. Diaz also admitted to claiming the child as a dependent for tax benefits. Yet, Diaz argues that the chancellor erred in not considering that he cohabited with Lora and voluntarily assumed parental obligation and duty to support John after having knowledge that he was not John's biological father.

¶16. Mississippi Code Annotated section 93-9-10(3) provides in part:

> [A] court shall not set aside the paternity determination or child support order if the legal father engaged in any of the following conduct:
>
> > (a) Married or cohabited with the mother of the child and voluntarily assumed the parental obligation and duty to support the child after having knowledge that he is not the biological father of the child;
> >
> > (b) Consented to be named as the biological father on the child's birth certificate and signed the birth certificate application or executed a simple acknowledgment of paternity and failed to withdraw consent or acknowledgment within the time provided for by law in Sections 93-9-9 and 93-9-28, unless he can prove

6

fraud, duress or material mistake of fact;

¶17. The chancery court reviewed and weighed the testimony and found Diaz's argument unpersuasive. Accordingly, after review of the record, we find no error and affirm the judgment of the chancery court.

¶18. **AFFIRMED.**

**J. WILSON, P.J., GREENLEE, TINDELL, McDONALD, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR. BARNES, C.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. CARLTON, P.J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**