273 So.2d 169 (1973)
Stephen A. LADNIER
v.
STATE of Mississippi.
No. 47132.
Supreme Court of Mississippi.
February 12, 1973.
*170 Kenneth W. Martin, Pascagoula, for appellant.
A.F. Summer, Atty. Gen., by Karen Gilfoy, Special Asst. Atty. Gen., Jackson, for appellee.
WALKER, Justice:
Stephen Ladnier was convicted in the Circuit Court of Jackson County, Mississippi, on an indictment charging that he sold to Terry Bullock on March 13, 1971, one matchbox containing marijuana for the sum of $5.00 in violation of the Uniform Controlled Substance Act of 1971. He was sentenced to serve a term of five (5) years in the State Penitentiary and fined $1,000.
Terry Bullock testified that he, while an undercover agent for the Pascagoula Police Department, was parked at a red light on March 13, 1971, when appellant, accompanied by a girlfriend, stopped beside him and asked if he wanted "... to buy some weed," which was, upon inquiry, described as "out of sight stuff." Arrangements were made for them to meet at the Shanty Drive Inn fifteen minutes later where the transaction allegedly took place, the appellant giving Bullock a matchbox of a substance represented to be marijuana and receiving therefor the sum of $5.00. Bullock testified further that he was familiar with appellant and had observed him regularly over a period of time. The *171 matchbox and the substance therein were properly marked for identification, sent to the crime lab for analysis and at the trial was identified by the toxicologist, James M. Williams, as "cannabis sativa L," commonly known as marijuana.
The defense was that the appellant was not in Pascagoula on the day that the alleged sale took place but that he was helping put a roof on his brother's house in Vancleave, Mississippi. To support this he called as witnesses two brothers, Tommy and Timothy Ladnier, and one Kenneth Peden who substantially corroborated what he had said. During direct examination of appellant, it was revealed that he had been involved in the so-called drug culture while in high school in California and that he had smoked marijuana out there. He denied, however, that he was ever involved or smoked any marijuana in Mississippi, although he volunteered that he had been convicted in Georgia on July 15, 1971, three months prior to the incident in question, of possession of marijuana, fined $200 and placed on probation for two years.
The appellant sets out five grounds for reversal in his assignments of error.
First, the court erred in failing to sustain defendant's motions for a continuance and for production and examination of evidence on the day the cause was set for trial.
With reference to these motions, it was revealed that upon his arrest on September 16, 1971, appellant was represented by Mr. Kenneth W. Martin, an attorney in Pascagoula, Mississippi. When he was arraigned on November 4, 1971, he was represented by the Jackson County Public Defenders. Appellant demonstrated no interest in his pending case from the date of his arraignment until January 11, 1972, the day before his trial was to begin. Not once did he visit the Public Defender's Office to volunteer information for his defense, nor did he respond to messages from the public defender to come to his office until the day before trial. On January 5, 1972, the case was set for trial on January 12, 1972, on which day the case was called and the public defenders advised the court that they were ready to proceed but were under the impression that Mr. Kenneth Martin was going to represent the defendant. Mr. Martin was called to the courtroom where he first advised the court that he did not represent the defendant although he had discussed the matter with the defendant's mother the day before, whereupon he left the courtroom. The court then directed the public defenders to proceed, which they did. Shortly thereafter and during their voir dire of the jury, Mr. Martin returned to the courtroom and advised the court that he had been employed to represent the defendant. The court asked the public defender to step aside and allowed Mr. Martin to continue the voir dire, although the public defenders were directed to remain available to assist Mr. Martin in any way possible.
At this point of the trial, Mr. Martin made motions ore tenus for a continuance in order to prepare a defense and for the court to order the State "to disclose and in the case of allegedly tangible items to produce the same for inspection and copy by the defendant, along with all other evidence in possession and control of the State, including any notes or notebooks or offense reports that were allegedly transcribed at the time of the alleged offense and/or minutes of the grand jury, which are material to this cause or relevant to the subject matter of the indictment whether the same is used against the defendant or not and without regard as to whether the evidence to be disclosed or produced is deemed permissible in the trial herein, and the defendant would show that the denial of this motion would be against the concept of `due process' and `fair trial' and would deny to the defendant his rights as guaranteed by the Constitution of the United States."
Dealing first with the motion for a continuance, it is a well-settled rule in this State that the granting of a continuance *172 is within the sound discretion of the trial court, and a judgment will not be reversed because the continuance was refused unless there has been an abuse of discretion resulting in injustice. The voluntary substitution of counsel by a litigant during the course of trial is not, of itself, grounds for a continuance. We find no abuse of discretion in this case.
In addition, Mississippi Code 1942 Annotated section 1520 (1956) is as follows:
On all applications for a continuance the party shall set forth in his affidavit the facts which he expects to prove by his absent witness or documents that the court may judge of the materiality of such facts, the name and residence of the absent witness, that he has used due diligence to procure the absent documents, or presence of the absent witness, as the case may be, stating in what such diligence consists; and that the continuance is not sought for delay only, but that justice may be done. The court may grant or deny a continuance, in its discretion, and may of its own motion cross-examine the party making the affidavit. The attorneys for the other side may also cross-examine and may introduce evidence by affidavit or otherwise for the purpose of showing to the court that a continuance should be denied. No application for a continuance shall be considered in the absence of the party making the affidavit, unless his absence be accounted for to the satisfaction of the court. A denial of the continuance shall not be ground for reversal unless the Supreme Court shall be satisfied that injustice resulted therefrom. (Emphasis added).
The defense in this case was an alibi, the defendant contending that he was in Vancleave, Mississippi, roofing a house at the time and date in question. This defense was vigorously presented with three witnesses testifying for the defendant in support of his story. There was no showing that additional witnesses or other evidence could be presented if more time were allowed. In addition, the witnesses for the State were ably cross-examined as to all material matters. Therefore, we are unable to say that injustice resulted from the denial of a continuance.
Dealing next with the motion to produce, appellant complains that he was adversely prejudiced by the denial of his motion for an order compelling the State to disclose any notes or notebooks or offense reports that were transcribed at the time of the arrest and, "... in the case of allegedly tangible items to produce the same for inspection and copy by the defendant, along with all other evidence in possession and control of the State... ." In ruling on this motion, which was made after the jury had been selected, the trial judge had this to say:
BY THE COURT: In response to that motion I must say the defendant is certainly entitled to any evidence which the State wishes to use in the trial of this defendant, and in addition to that he is certainly entitled to have the substance in controversy here, the marijuana, analyzed by a chemist of their choosing, and that I'm sure the Public Defenders, having tried other cases, knew this and that nothing has been denied them from the police. (To the Public Defenders) Is that right, Mr. Blackwell?
BY MR. BLACKWELL: Yes, sir.
In support of this motion, the defense called Mr. Blackwell, one of the public defenders, to the stand. He testified that he had not filed any motion to compel disclosure of any evidence and that he had not made a motion for inspection or examination of any evidence. However, upon cross-examination by the district attorney, he was asked:
The police department and the district attorney's office has agreed to furnish you ... any information concerning the substance and the charges in regard to this matter, they haven't tried to *173 withhold anything, have they, Mr. Blackwell?
A. Everything I asked for has been supplied.
We fully recognize the right of a defendant to employ counsel of his own choosing. However, his election to do so, after trial has begun, cannot be used to thwart the continuance thereof, and the attorney coming into the case after the trial has begun, as in this case after the jury selection process was in progress, must accept the case primarily in the posture in which he finds it. The granting or refusing of motions which should have been made timely before trial, such as motions to produce and inspect that would be time consuming, are left to the sound discretion of the trial judge as are motions for continuances, and his ruling will not be disturbed unless there is a clear showing that injustice resulted therefrom. There is no such showing in this case. It is not shown that the appellant asked the State for, or if he did ask for that he was refused access to, any of the items that he included in his untimely motion. On the other hand, the record indicates that the State had cooperated fully with the public defenders in this regard and that they were standing by ready to assist appellant's newly employed attorney in any way that they could.
The appellant next complains that the trial judge commented on the evidence during the cross-examination of Officer Bullock when his lack of experience was being brought out by Mr. Martin, to-wit:
[By Mr. Martin]: Q. So on February 6, 1971, or March 6, 1971, seven days before this alleged sale, you had two months experience; is that right, sir?
A. Approximately.
BY MR. LOCKARD: We object to that, this is not material.
BY THE COURT: Sustained. It is not material.
There is no merit to this contention. A judge may give his reasons why he is sustaining or overruling an objection to the introduction of evidence so long as he does not abuse his discretion in this regard. Weir v. State, 226 So.2d 733, 735 (Miss. 1969). We do not feel that there was an abuse of discretion in this instance. Appellant complains only about the court's comment. He does not complain about his right to pursue the question of the officer's lack of experience, if he thought it material.
Appellant's next contention is that the court aided the prosecution with a series of leading and repetitious questions. These questions were not asked by the court, but were asked by Mr. Lockard, the district attorney. Therefore, we find that no further elaboration is necessary.
The appellant complains that the circuit court erred in sentencing him to serve five years in the State Penitentiary and to pay a $1,000 fine, contending that the maximum sentence under the Uniform Controlled Substance Act for this alleged offense would be a term not to exceed four years and a $2,000 fine. With this contention we are in agreement.
The penalties for manufacture, delivery or possession of a controlled substance are set out in Mississippi Code 1942 Annotated section 6831-70(a) (1) and (2) (Supp. 1971), which has since been amended (See same section of Supp. 1972) to provide a more severe sentence:
(a) Except as authorized by this act, it is unlawful for any person to manufacture, deliver, or possess a controlled substance.
Any person who violates this subsection with respect to:
(1) A controlled substance classified in Schedule I or II, as set out in Sections 7 and 8 [§§ 6831-57 and 6831-58] of this act, which is a narcotic drug, is guilty of a felony and upon conviction may be imprisoned for not more than six *174 (6) years, or fined not more than Two Thousand Dollars ($2,000.00), or both;
(2) Any other controlled substance classified in Schedule I, II, or III, as set out in Sections 7, 8, and 9 [§§ 6831-57 though 6831-59] of this act, is guilty of a felony and upon conviction may be imprisoned for not more than four (4) years, or fined not more than Two Thousand Dollars ($2,000.00), or both; ...
This Court has held that marijuana is not a narcotic drug; therefore, the applicable section is Mississippi Code 1942 Annotated section 6831-70(a) (2) (Supp. 1971) which allows a maximum term of imprisonment of four years and a fine of $2,000. Doubtless, the court below sentenced appellant as a second offender, but in view of the fact that the previous conviction was not charged in the indictment, he cannot be so sentenced as a second offender. Branning v. State, 224 So.2d 579, 582 (Miss. 1969).
The fourth assignment of error is that the trial court erred in failing to quash the indictment, the contention being that it clearly and manifestly designates on its face that the law under which it was drawn was not in effect at the time prosecution occurred for the alleged violation and that this amounted to ex post facto construction.
This complaint was rejected and laid to rest by this Court in Alston v. State, 258 So.2d 436 (Miss. 1972). Since the facts in that case are "on all fours" with this case, no further comment is necessary.
With reference to appellant's fifth and final assignment of error, we find that there is no merit in the contention that the verdict of the jury was contrary to the weight of the evidence and was the result of bias, passion or prejudice. The jury was under no obligation to believe the appellant's alibi. We held in Kelly v. State, 239 Miss. 683, 690, 124 So.2d 840, 842 (1960) that:
The jury was not required to accept this alibi. Its duty was to evaluate the testimony of the witnesses for the State and defendant, and to determine whether the evidence showed beyond a reasonable doubt that appellant was guilty. The State's evidence was contradictory of that of appellant concerning an alibi. It was a jury issue. Newton v. State, 1956, 229 Miss. 267, 90 So.2d 375.
Further, the right of the jury to accept or reject in whole or in part evidence on behalf of the accused is illustrated in McLelland v. State, 204 So.2d 158 (Miss. 1967), and Cromeans v. State, 261 So.2d 453 (Miss. 1972).
For the reasons cited herein, this cause is affirmed with reference to the conviction, but is reversed as to the sentence and is remanded for proper sentence consistent herewith.
Affirmed; case remanded for resentencing of appellant.
GILLESPIE, C.J., and INZER, SUGG, and BROOM, JJ., concur.