CARLTON, J.,
for the Court:
¶ 1. Thomas Evans Jr. appeals his conviction and sentence for driving under the influence (DUI), first offense. Evans raises the following assignments of error: whether (1) the verdict is against the overwhelming weight of the evidence; (2) the State failed to prove Officer John Marolt, a Mississippi State Highway Patrol officer, possessed sufficient qualifications and certifications to administer the breath-analysis tests; and (3) the trial court erred by failing to appoint him counsel to protect his Sixth Amendment rights. Finding no error, we affirm.
FACTS
¶ 2. On March 15, 2009, Evans was traveling on Highway 82 near Mathiston, Mississippi, when Officer Marolt stopped his vehicle. Officer Marolt testified he stopped Evans’s vehicle for speeding. Officer Marolt stated Evans was traveling at a high rate of speed, 105 miles per hour in a 65 miles-per-hour zone. Officer Marolt further testified that when he approached the vehicle, he asked Evans, the driver of the vehicle, for his driver’s license. As this was taking place, Officer Marolt said he noticed a strong smell of intoxicating beverage emitting from inside the vehicle. Officer Marolt asked Evans to step out of the vehicle, and Evans complied. Officer Marolt testified Evans’s eyes were dilated, and Evans slurred his speech. Officer Marolt testified that he then attempted to administer a portable breath test, but Evans refused to blow hard enough into the machine for the test to register. As a result, Officer Marolt decided to take Evans to the police department. Officer Marolt stated that while transporting Evans to the police department, Evans admitted consuming alcoholic beverages earlier that day.
¶ 3. Officer Marolt testified that the video equipment in his police car recorded the roadside stop and Evans’s transport to the police department; however, the video recording was admitted at trial for identification purposes only since the State experienced technical difficulties with the video equipment at trial.
¶ 4. Once at the police department, Officer Marolt offered Evans the Intoxilyzer test, but Evans refused. Officer Marolt testified:
I, what I recall is we got to the jail, and you [Evans] were offered the test at the end of the observation period, at which time you [Evans] refused. And I ran all the information through the machine, and then about ten minutes later[,] you [Evans] were wanting to take the test. That is not how it works. You are offered that test one time, and when you refuse it, you refused it.
Officer Marolt ticketed Evans for driving under the influence of alcohol, no proof of liability insurance, careless driving, and speeding.
¶ 5. On July 17, 2009, the Webster County Justice Court found Evans guilty of *64 DUI, first offense. Evans subsequently appealed to the Circuit Court of Webster County where, after a trial de novo, he was found guilty of DUI, first offense, in violation of Mississippi Code Annotated section 63 — 11—30(l)(a) (Supp.2011). The circuit court then imposed a forty-eight hour suspended sentence, and the court ordered Evans to pay a fine and court costs as well as to attend the Mississippi Alcohol Safety Education Program. Feeling aggrieved, Evans now appeals his conviction and sentence.
DISCUSSION
I. THE OVERWHELMING WEIGHT OF THE EVIDENCE
¶ 6. Evans argues that his conviction is against the overwhelming weight of the evidence. “When reviewing a denial of a motion for a new trial based on an objection to the weight of the evidence, we will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.” Bush v. State, 895 So.2d 836, 844 (¶ 18) (Miss.2005) (citation omitted). “The motion, however, is addressed to the discretion of the court, which should be exercised with caution, and the power to grant a new trial should be invoked only in exceptional cases in which the evidence preponderates heavily against the verdict.” Id. (quoting Amiker v. Drugs For Less, Inc., 796 So.2d 942, 947 (¶ 18) (Miss.2000)). We weigh the evidence, however, in the light most favorable to the verdict. Id. (citation omitted).
¶ 7. Evans cites to the following in support of his argument: the video recording of the roadside stop and his transport to the police department was not admitted into evidence at trial; the State presented no test results at trial to establish his intoxication; the State failed to show that Evans refused the Intoxilyzer test; Officer Marolt demonstrated bias toward him; and there was no proof, other than Officer Marolt’s testimony, that Evans was intoxicated. Furthermore, Evans argues no proof of probable cause existed as to why Officer Marolt stopped his vehicle on the night in question.
¶ 8. Here, we find the State offered ample evidence in support of Evans’s DUI conviction. Officer Marolt testified to the following: Evans was traveling at an extremely high rate of speed; Officer Marolt smelled alcohol emitting from Evans’s vehicle; Evans slurred his speech; Evans’s eyes were dilated; Evans admitted that he had consumed alcoholic beverages earlier that day; and Evans initially refused to take the Intoxilyzer test at the police department. Accordingly, we find that the evidence did not preponderate so heavily against the verdict that allowing the verdict to stand would sanction an unconscionable injustice. This issue is without merit.
¶ 9. Additionally, we find no merit to Evans’s claim that Officer Marolt lacked probable cause to initiate the traffic stop. We recognize that as a general rule, “the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred.” Henderson v. State, 878 So.2d 246, 247 (¶ 7) (Miss.Ct.App.2004) (quoting Whren v. U.S., 517 U.S. 806, 810, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996)). The record shows Officer Marolt witnessed Evans’s vehicle traveling 105 miles per hour, which was in violation of the 65 miles-per-hour speed limit. The officer’s observations were enough for him to determine that a speeding violation occurred. Thus, probable cause clearly existed for the traffic stop. This issue is without merit.
*65 II. OFFICER MAROLT’S TESTIMONY
¶ 10. Evans argues the State failed to prove Officer Marolt possessed the qualifications and certifications required to administer breath-analysis tests. Thus, Evans claims Officer Marolt improperly testified that he failed to blow hard enough into the portable breath test for it to register. In support of his argument, Evans cites Johnston v. State, 567 So.2d 237, 238 (Miss.1990) for the proposition that, “A chemical analysis of a person’s breath, blood, or urine is deemed valid only when performed according to approved methods; performed by a person certified to do so; and performed on a machine certified to be accurate.” (Emphasis added). Additionally, Evans cites to Mississippi Code Annotated section 63-11-19 (Supp.2011) for the proposition that the State failed to prove as part of its authenticity burden that Evans’s breath test was “performed by an individual possessing a valid permit issued by the State Crime Laboratory for making such analysis.”
¶ 11. After reviewing the record, we find no merit to this argument. At trial, Officer Marolt testified he was unable to get test results from the portable breath test at the roadside stop because Evans failed to blow into the machine hard enough for it to register. Officer Marolt then testified that when he offered Evans the Intoxilyzer test at the police department, Evans refused. Officer Marolt explained that although Evans later requested to take the Intoxilyzer test, too much time had passed and Evans refused his chance to take the test at the proper time. While we recognize “[t]he results of a breath-analysis test are only valid if performed by a person certified to give such a test[,]” see Hudspeth v. State, 28 So.3d 600, 603 (¶ 12) (Miss.Ct.App.2009), we find that no breath-analysis test results were presented at trial to establish Evans’s guilt. As such, the question of whether Officer Marolt possessed sufficient qualifications and certifications to administer breath-analysis tests is irrelevant. The admissibility and relevancy of evidence falls within the trial court’s discretion, and absent an abuse of that discretion, we will not disturb that decision. Pulido v. City of Oxford, 991 So.2d 1223, 1228 (¶ 22) (Miss.Ct.App.2008) (citation omitted). This issue is without merit.
III. RIGHT TO COUNSEL
¶ 12. Evans claims the trial court violated his right to counsel pursuant to the Sixth Amendment of the United States Constitution by failing to appoint him an attorney at trial.
¶ 13. “The Mississippi Constitution Article 3, Section 26 and the Sixth Amendment of the United States Constitution grant a defendant the right to be heard by himself or counsel or both.” Fields v. State, 879 So.2d 481, 484 (¶ 12) (Miss.Ct.App.2004). “Though the right to counsel is absolute, the right to counsel of choice is not absolute.” Id. at (¶ 13) (citing Atterberry v. State, 667 So.2d 622, 630 (Miss.1995)). “This right may not be used to thwart the progress of a trial.” Id. (citing Ladnier v. State, 273 So.2d 169, 173 (Miss.1973)). The denial of a last minute continuance to retain new counsel falls within the discretion of the trial court. Id. (citation omitted).
¶ 14. During his proceedings in justice court, Evans indicated that he wanted counsel and asserted he was indigent. However, the justice court’s order states that Evans proceeded pro se after receiving two continuances to obtain counsel. The record further shows that Evans appeared for trial before the circuit court without counsel on June 21, 2010. Evans *66 advised the circuit judge that he owed money to his attorney and asked for a continuance, which the circuit court granted. In granting the continuance, the court stated:
Okay, we will just move this over until 10 o’clock next Monday, Mr. Evans. And your attorney, you need to tell them [sic] to be here, and if that attorney doesn’t represent you, if you want an attorney, you are going to have to go hire somebody else because we can’t — I mean you are not entitled to an appointed lawyer....
The circuit court ordered that the trial commence on June 28, 2010. Evans appeared at the June 28, 2010 hearing, again without counsel. Evans told the court that he had offered payment of $650 to one attorney and contacted another attorney regarding his representation, but he had not retained counsel by the date of trial. The circuit judge then informed Evans that trial would proceed whether he had counsel or not given the amount of time Evans had to secure counsel.
¶ 15. While we recognize that an indigent is entitled to competent counsel to defend him,[1] the record shows Evans neither requested a court-appointed attorney nor properly qualified himself as indigent with the circuit court prior to trial.[2] See Wynn v. State, 964 So.2d 1196, 1204 (¶ 32) (Miss.Ct.App.2007) (finding the defendant’s contention that he was denied his right to counsel without merit because the defendant was “not indigent and thus not entitled to court-appointed counsel[.]”). Accordingly, we find this issue without merit.
¶ 16. THE JUDGMENT OF THE WEBSTER COUNTY CIRCUIT COURT OF CONVICTION OF DRIVING UNDER THE INFLUENCE, FIRST OFFENSE, AND SENTENCE OF FORTY-EIGHT HOURS IN JAIL SUSPENDED IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WEBSTER COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, MAXWELL, RUSSELL AND FAIR, JJ„ CONCUR. ROBERTS, J., CONCURS IN PART AND IN THE RESULT.

. See Fields, 879 So.2d at 484 (¶ 13).

. The record shows that after the trial, on July 27, 2010, Evans filed a motion to proceed on appeal in forma pauperis. The circuit court denied Evans’s motion based on his failure to offer proof that he was indigent. Evans then filed a motion to reconsider the circuit court's order denying his motion to appeal in forma pauperis. The circuit court granted Evans’s motion to reconsider, stating: Evans has attached to his motion a sworn Declaration in Support of Request to Proceed with Appeal to Supreme Court In For-ma Pauperis, that purports to list all of his income and assets. This court finds his declaration to be highly suspect. However, since this court has no independent way of verifying the truthfulness of his declaration, this court will accept his declaration as true_