# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2017-KA-01329-SCT

*DEVIN LADARIOUS ARRINGTON a/k/a DEVIN*
*LADARIUS ARRINGTON a/k/a DEVIN*
*ARRINGTON*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 09/11/2017 |
| TRIAL JUDGE: | HON. CELESTE EMBREY WILSON |
| TRIAL COURT ATTORNEYS: | ANGELA MARIE HUCK |
| | ROBERT R. MORRIS |
| | MICHAEL DARIN VANCE |
| | BERNARD C. JONES, JR. |
| | ASHLEY D. JONES |
| COURT FROM WHICH APPEALED: | DeSOTO COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | BERNARD C. JONES, JR. |
| | ASHLEY D. JONES |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: BARBARA WAKELAND BYRD |
| DISTRICT ATTORNEY: | JOHN W. CHAMPION |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 04/18/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**ISHEE, JUSTICE, FOR THE COURT:**

¶1. Devin Ladarious Arrington was indicted by a DeSoto County grand jury for armed robbery. After jury selection, Arrington requested a continuance to allow him to retain new counsel, which was denied. During his attorney's opening statement, Arrington interrupted and declared that he did not want his counsel to continue representing him. After a jury trial,

Arrington was found guilty. Arrington filed a Motion for J.N.O.V. or, in the Alternative, Motion for New Trial, which was also denied. Arrington now appeals. We affirm Arrington's conviction.

**FACTS AND PROCEDURAL HISTORY**

¶2. The facts surrounding the incident on November 29, 2014, are disputed. Arrington claimed he saw Janauris Blanch and confronted him because he believed Blanch had broken into his home in the past. Arrington testified that Blanch pulled a gun and that they got into a "scuffle." Arrington contends that he eventually got possession of the gun by grabbing a Dillards bag that the gun was on top of. The bag contained a Polo-brand shirt that Blanch had purchased earlier that day. Arrington claims that he then fled the scene with both the gun and the bag.

¶3. On the other hand, Blanch testified that when he arrived at his home, he noticed an unfamiliar car parked in front of his neighbor's house. A party was taking place in the neighborhood,[1] but Blanch found the parked car odd because his neighbor did not allow people to park in front of his house. Although Blanch claimed he was nervous about exiting his vehicle, he nevertheless decided to go inside. Blanch testified that Arrington, whom he did not know, exited the car, approached him, pointed a gun at him, robbed him, got in his vehicle, and fled the scene.

¶4. Shortly after the incident, Blanch reported the alleged robbery, and Arrington was stopped by an officer with the Southaven Police Department. An AR-15-type rifle, a black

_____

[1] The fact that one of Blanch's neighbors was having a party is not disputed.

2

duffle bag, a gray hoodie, a black mask, a Glock handgun, and a Dillards bag containing a Polo-brand shirt were found in the trunk. Arrington was indicted for armed robbery on February 10, 2015.

¶5. After a number of continuances, trial was held on April 18, 2017. After the jury had been selected, Arrington requested yet another continuance. Arrington contended that he needed a continuance to retain new representation because he learned that his attorney, Darin Vance, had not hired a private investigator to seek out potential witnesses. Arrington testified that Vance had told him that he would hire a private investigator. But Vance contended that the day before trial was the first time Arrington had brought up hiring a private investigator. Vance also said that he interviewed the known witnesses and was unaware of any other potential witnesses to the incident. Arrington told the trial court judge that, the day before trial, Vance had told him that he was not prepared. Vance denied ever saying that he was not prepared for trial. The trial court denied Arrington's request for a continuance.

¶6. Arrington was found guilty as charged and filed a Motion for J.N.O.V. or, in the Alternative, Motion for New Trial, which was denied. Arrington now appeals.

## STATEMENT OF THE ISSUES

¶7. Five issues are raised on appeal: (1) whether the trial court erred in denying Arrington's Motion for J.N.O.V or, in the Alternative, Motion for New Trial; (2) whether the trial court erred in denying Arrington's request for a continuance; (3) whether Arrington had

3

received ineffective assistance of counsel; (4) whether the trial court erred in not declaring a mistrial; and (5) whether cumulative error required reversal of Arrington's conviction.

## DISCUSSION

### I. Arrington's Motion for J.N.O.V or, in the Alternative, Motion for New Trial

¶8. Denial of a motion for J.N.O.V is reviewed de novo. *Johnson v. St. Dominics–Jackson Mem'l Hosp.*, 967 So. 2d 20, 22 (Miss. 2007). Arrington argued that the verdict was against the overwhelming weight of the evidence and that the court erred in denying Arrington's motion for a directed verdict, the peremptory instruction, and the self-defense instruction. The issue of Arrington's J.N.O.V. is listed in his statement of the issues, but not one of the above arguments is mentioned in Arrington's brief on appeal. The law is well established that points not argued in the brief on appeal are abandoned and waived. *Collins v. City of Newton*, 240 So. 3d 1211, 1221 (Miss. 2018) (citing *Sumrall v. State*, 758 So. 2d 1091, 1094 (Miss. Ct. App. 2000)).

¶9. Although Arrington did file an amended motion for J.N.O.V. in which he did raise the arguments, the claims are barred. "Failure to cite relevant authority obviates the appellate court's obligation to review such issues." *Byrom v. State*, 863 So. 2d 836, 853 (Miss. 2003) (quoting *Simmons v. State*, 805 So. 2d 452, 487 (Miss. 2001)). Arrington's failure to cite authority regarding the J.N.O.V. issue renders it waived. No further discussion is necessary. Even if this claim had not been abandoned, we find it meritless.

### II. Ineffective Assistance of Counsel

¶10.    Although the claim for ineffective assistance of counsel is the only claim for which

Arrington cites authority in his brief on appeal, it is not identified in the statement of the

issues.  The Mississippi Rules of Appellate Procedure provide that "[n]o issue not distinctly

identified shall be argued by counsel, except upon request of the court, but the court may, at

its option, notice a plain error not identified or distinctly specified."  M.R.A.P. 28(a)(3).

Because Arrington did not identify his claim of ineffective assistance of counsel as an issue

on appeal, he has abandoned this claim.  Therefore, we need not address it.  But, even if

Arrington did not abandon this claim, we find it not fully developed.

¶11.    Arrington claims that he was deprived of effective assistance of counsel because his

attorney,  Darin Vance, did not hire a private investigator to track down potential witnesses.

This Court has held that,

> While courts must defer to lawyers' judgments and strategies, "at a minimum,
> counsel has a duty to interview potential witnesses and to make independent
> investigation of the facts and circumstances of the case." *Ferguson v. State*,
> 507 So. 2d 94, 96 (Miss. 1987). . . . While counsel is not required to exhaust
> every conceivable avenue of investigation, he or she must at least conduct
> sufficient investigation to make an informed evaluation about potential
> defenses. *State v. Tokman*, 564 So. 2d [1339,] 1343 [(Miss. 1990)].  Under
> *Strickland*, counsel has a duty "to make reasonable investigations or to make
> a reasonable decision that makes particular investigations unnecessary."
> *Strickland* [*v. Washington*], 466 U.S. [668,] 691, 104 S. Ct. 2052, 80 L. Ed.
> 2d 674 [(1984)].

*Wilson v. State*, 81 So. 3d 1067, 1075 (Miss. 2012) (quoting *Ross v. State*, 954 So. 2d 968,

1005 (Miss. 2007)).

¶12.    Arrington also argues that Vance was not adequately prepared for trial.  But Vance

stated that he had scheduled a meeting to prepare Arrington for trial a week before the trial

5

date.  But Arrington did not show up to this meeting, nor did he contact Vance to inform him that he would not attend.

¶13.   "The touchstone for testing a claim of ineffectiveness of counsel must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." ***Ross***, 954 So. 2d at 1003 (citing ***Irby v. State***, 893 So. 2d 1042, 1049 (Miss. 2004)).  But this Court is limited in its review of Arrington's ineffective-assistance-of-counsel claim.

> [G]enerally, ineffective-assistance-of-counsel claims are more appropriately brought during post-conviction proceedings. ***Archer v. State***, 986 So. 2d 951, 955 (Miss. 2008).  An appellate court is limited to the trial-court record in its review of the claim(s), and there may be instances in which insufficient evidence and/or information exists within the record to address the claim adequately. ***Id.***  In such a case, the appropriate procedure is to deny relief, preserving the defendant's right to argue the issue through a petition for post-conviction relief. ***Read v. State***, 430 So. 2d 832, 837 (Miss. 1983).  We may, however, address an ineffectiveness claim on direct appeal if the presented issues are based on facts fully apparent from the record. M.R.A.P. 22.

***Dartez v. State***, 177 So. 3d 420, 422-23 (Miss. 2015).  Even if Arrington's claim for ineffective assistance of counsel was properly raised on appeal, it would be dismissed without prejudice because the issues presented are based on facts not fully apparent from the record.

### III.    Arrington's Request for a Continuance

¶14.   Arrington argues that the trial court should have granted his request to continue trial in order to retain new legal representation and seek out potential witnesses to the incident. A denial of a request for a continuance is reviewed for abuse of discretion.  ***Ladnier v. State***,

273 So. 2d 169, 171-72 (Miss. 1973). Arrington does not cite any authority to support this claim. The Court "considers assertions of error not supported by citation or authority to be abandoned." *Russell Real Prop. Servs., LLC v. State*, 200 So. 3d 426, 430 (Miss. 2016) (quoting *McNeil v. Hester*, 753 So. 2d 1057, 1075 (Miss. 2000)). Arrington's failure to cite authority renders this claim abandoned. But, even if Arrington did not abandon this claim by failing to cite any authority, the trial court did not abuse its discretion in denying Arrington's request for a continuance.

¶15. This Court has held that granting a continuance is within the discretion of the trial court and that judgment will not be reversed unless an abuse of discretion that resulted in injustice occurred. *Ladnier*, 273 So. 2d at 171. And a trial court's "[d]enial of a continuance is not reversible unless manifest injustice appears to have resulted from the denial." *Miles v. State*, 249 So. 3d 367, 368 (Miss. 2018) (citing *Hatcher v. Fleeman*, 617 So. 2d 634, 639 (Miss. 1993), *overruled on other grounds by Smith v. Hollins*, 905 So. 2d 1265, 1278 (Miss. 2005)). Denying Arrington's request for a continuance did not result in injustice, and therefore the trial court did not abuse its discretion in denying it.

### IV. Mistrial

¶16. Arrington claims that the trial court should have declared a mistrial on its own motion when Arrington interrupted the proceedings and declared that he did not want his attorney, Darin Vance, to represent him. Motions for mistrial are reviewed for abuse of discretion. *Tate v. State*, 912 So. 2d 919, 932 (Miss. 2005). Like his previous arguments, Arrington

7

fails to cite any authority, and therefore he has abandoned this claim. Even if it was not abandoned, we find the claim lacks merit.

¶17. Mistrials should only be declared sua sponte when manifestly necessary. *Younger v. State*, 931 So. 2d 1289, 1291 (Miss. 2006). Arrington's outburst in open court did not create a manifest necessity to declare a mistrial. "This Court has recognized several examples where a declaration of a mistrial would likely be a manifest necessity: failure of a jury to agree on a verdict; a biased or otherwise tainted jury; improper separation of the jury; where jurors were failed to follow instructions." *Spann v. State*, 557 So. 2d 530, 532 (Miss. 1990) (citing *Watts v. State*, 492 So. 2d 1281, 1284 (Miss. 1986)). Arrington's outburst pales in comparison. In *Thermon Arrington v. State*, the Mississippi Court of Appeals held,

> If we were to find error and declare a mistrial due to the defendant's unprovoked outburst, we daresay the whole criminal prosecution system could come to a standstill. At any critical moment in a trial, a defendant could blurt out any type of disruptive statement that would tend to poison the jury. Under Arrington's theory, a mistrial would be declared and another trial would have to be held on every occasion of an outburst. We will not invite such disorder in to our system of law.

*Thermon Arrington v. State*, 77 So. 3d 542, 548 (Miss. Ct. App. 2011), *abrogated on other grounds by Leslie v. State*, 171 So. 3d 549 (Miss. Ct. App. 2015). We find that the trial court did not err in declining to grant a mistrial.

### V. Cumulative Error

¶18. Like Arrington's previous claims, no authority is cited for Arrington's cumulative-error claim. Therefore, this claim has been abandoned. *See Russell Real Prop. Servs., LLC*, 200 So. 3d at 430. Even if this claim was not abandoned, it is meritless.

8

¶19. Arrington's entire argument about cumulative error reads, "It is respectfully submitted that the cumulation of errors in this requires a reversal of Arrington's conviction in the interest of justice." But "[w]here there is no error in part, there can be no reversible error to the whole." *Harris v. State*, 970 So. 2d 151, 157 (Miss. 2007) (citing *Gibson v. State*, 731 So. 2d 1087, 1098 (Miss. 1998)). We find that the trial court committed no error; therefore, we find no cumulative error that requires reversal of Arrington's conviction.

## CONCLUSION

¶20. We affirm Arrington's conviction for armed robbery. Arrington abandoned each of his arguments on appeal by failing to make the arguments, failing to cite authority, or failing to identify the arguments. Even if Arrington's claims were not abandoned, Arrington's arguments are either without merit or are based on facts not fully apparent from the record.

¶21. **AFFIRMED.**

**RANDOLPH, C.J., KITCHENS AND KING, P.JJ., COLEMAN, MAXWELL, BEAM, CHAMBERLIN AND GRIFFIS, JJ., CONCUR.**