# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-CA-01407-COA

**HERMAN HOUSTON**                                                                 **APPELLANT**

**v.**

**PRICE HOUSTON, JR. AND DEDRA HOUSTON**                       **APPELLEES**

| | |
|---|---|
| DATE OF JUDGMENT: | 11/10/2021 |
| TRIAL JUDGE: | HON. JAMES CHRISTOPHER WALKER |
| COURT FROM WHICH APPEALED: | HOLMES COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | LYDIA ROBERTA BLACKMON |
| ATTORNEY FOR APPELLEES: | BRYANT WANDRICK CLARK |
| NATURE OF THE CASE: | CIVIL - REAL PROPERTY |
| DISPOSITION: | APPEAL DISMISSED - 04/09/2024 |
| MOTION FOR REHEARING FILED: | |

**BEFORE BARNES, C.J., GREENLEE AND McCARTY, JJ.**

**McCARTY, J., FOR THE COURT:**

¶1. A family dispute arose over who owned 87 acres of property. One owner alleged that his niece and nephew should not receive an interest in the land, that title should not be confirmed in their names, and that the land should not be partitioned. However, some of his arguments on appeal are focused on an earlier heirship determination that was not appealed and are therefore outside of our jurisdiction. As to his remaining assignments of error regarding the partition of the property, we find that there was no final judgment declaring the boundaries of the property between all the parties. Accordingly, we lack jurisdiction, so we dismiss this appeal.

## BACKGROUND

¶2.     In 1992, Herman Houston conveyed to himself, to his brother Price Houston, "and to the survivor of us, as joint tenants with full right of survivorship," a piece of property in Holmes County. The property comprised "a total of 87 acres, more or less."

¶3.     In 1996, Price passed away, leaving no will. He had three children: Price Jr., Dedra, and Latonya. Latonya subsequently passed as well; her one child later quitclaimed any interest he had in the property to his aunt Dedra.

¶4.     Over 23 years later, a petition to determine the heirs of Price was filed in the Holmes County Chancery Court. This 2019 case was numbered 19-104. The petition was filed to determine if there were any other heirs besides Price Jr. and Dedra. Through counsel, Price Jr. filed the petition, and Dedra filed a joinder. A summons was issued, and publication was made three times in August 2019 in the *Holmes County Herald*.

¶5.     In November 2019, before the determination of heirs, Price's brother Herman appeared. Through counsel, Herman sought a continuance so he could participate in the hearing on the matter. The trial court continued the hearing by an agreed order for several weeks, to January 3, 2020. A summons was also published three times in the newspaper for this new date.

¶6.     The very next item on the docket is a decree determining heirs. On January 3, 2020, the trial court issued the order finding that Price Jr. and Dedra were the children of Price, and there were no other heirs. The order also determined that "the Deceased, Price Houston, Sr., died seized and possessed of an estate comprised of real property in Holmes County," setting out the description of the property from the 1992 deed.

2

¶7.    Afterwards, the adjudicated heirs, Price Jr. and Dedra, filed a new action. Their "Petition for Partition in Kind" was also filed in the Holmes County Chancery Court. Filed in July 2020, this action was numbered 20-0077. Herman Houston was listed as the respondent.

¶8.    The request for partition claimed that Price, Dedra, and Herman were owners in fee simple of the 87 acres. They asked for a partition of the property or, in the alternative, for it to "be sold in its entirety . . . for the highest and best price obtainable."

¶9.    A summons was issued for Herman. After multiple settings, a final hearing was scheduled for two hours on August 20, 2021. While he eventually filed several pro se motions, Herman never filed an answer asserting any affirmative defenses.

¶10.   Around this time, there was activity in both cases even though the judgment in the determination of heirship was now months old. On September 22, 2020, Herman filed a "Petition to Set Aside Decree," attacking only the finding of the decree that Price "[d]ied seized and possessed of an estate comprised of real property in Holmes County[.]" Through counsel, Herman argued that since he was a joint tenant with full right of survivorship, upon Price's death, the 87 acres "became vested in Herman Houston[.]"

¶11.   The same day, a pro se "Motion for Relief" under Rule 60 was also filed, arguing deficient service of process. A few weeks later, a pro se petition to set the motion was also filed. No responses were filed. An order set the motions for a January 15, 2021 hearing.

¶12.   Shortly thereafter, in November 2020, counsel for Herman sought to withdraw. An order allowed the withdrawal.

¶13.   In December 2020, Herman filed a pro se petition to vacate the determination of heirship, re-urging the judgment was void for lack of service of process.  He was also accusing his former counsel and the adjudicated heirs of Price of impropriety and raising a variety of defenses such as statutes of limitations and other issues.  Much of the remainder of the docket in the heirship case is duplicative pro se filings by Herman alleging various issues relating to his former counsel.  Regardless, he also filed a pro se "Petition to Confirm Title and Remove Clouds."

¶14.   The trial court then set a hearing for May 28, 2021, but did not describe what was to be addressed.  Herman appeared at the hearing with his son Herman Smith, who represented he had power of attorney for his father.  He told the trial court his father was 90 years old and blind.  The former counsel appeared and spoke, and the trial court allowed him to withdraw. The trial court continued the case for Herman to try to retain a new lawyer.

¶15.   The docket of the heirship case reflects yet another lengthy pro se filing attacking the former counsel over a disputed fee, and then—while the lawyer had already been allowed to withdraw—another lengthy pro se response disputing he should be allowed to withdraw.  In May 2021, Herman asked for an appointment of counsel.

¶16.   Several months later, in August 2021, Herman filed a pro se "Motion to Consolidate" both the heirship and partition cases.  He requested that the 2019 and 2020 cases be consolidated "and that the motions from Case 19CV00104 [the heirship case] be ruled upon prior to proceeding with litigation in Case 20CV0077 [the partition case]."  This motion was filed in both proceedings.

¶17.    The same day, Herman filed a pro se motion for continuance, alleging he was having trouble securing counsel.  In October, Herman made yet another motion for a continuance, pointing out that he had been taken from his house via ambulance.  He asked for a continuance "for three months, until January 29, 2022."  These motions were filed in both cases.  There were no responses to either motion to consolidate or either motion to continue.

¶18.    And for the heirship case, Cause Number 19-104, that is where the file ends.  There was no ruling on any of the outstanding motions—whether for Rule 60 relief, consolidation, or a continuance.  No order closes the case, and there is no notice of appeal.

¶19.    However, a ruling was issued in the partition case. After a number of scheduling changes, a hearing was held in October 2021.  The trial court called "for Herman Houston three times in the common areas."  There was no response.  From the bench, the trial court found that both Price and Dedra "do indeed have a one-fourth . . . interest" in the property.

¶20.    Afterwards, in a written order on November 10, 2021, the trial court confirmed title in Price and Dedra: "the Parties . . . own a fee simple title" to the 87 acres along with Herman.  The trial court held "[t]hat upon the death of [his brother] Price Houston, Herman Houston received a 3/4 undivided interests and Price Houston, Jr. and Dedra Houston received jointly a 1/4 undivided interest in the real property[.]"

¶21.    But while the trial court confirmed title in the niece and nephew, the specifics of the expected partition were yet to be addressed.  At the close of the October hearing, the trial court had asked counsel for Price and Dedra, "What is our next step here," regarding the partition.  Counsel responded, "The next step would be the partition of the property," and the

"statute now allows for one commissioner to be appointed. We feel with being 87 acres of land, that it can be partitioned in kind and that would be our request to the Court." The trial court responded, "It is not set for today, but let us with all due haste move towards that."

¶22. Subsequently, Herman again filed a pro se motion through his son, asking for the trial court to set aside the order confirming title. He claimed that the two cases have "been wrought with fraud, misrepresentation and other forms of misconduct since their inception." The trial court denied the motion.

¶23. And while there had been the discussion at the close of the October hearing of seeking the appointment of a commissioner to assess the land value and to determine the boundaries of the requested partition, Price and Dedra made no further effort to pursue the partition.

¶24. On December 10, through a lawyer, Herman filed a notice of appeal. The notice of appeal said it was from the "Order Confirming Title." After the case was docketed, appellate counsel for Herman filed a motion with the Mississippi Supreme Court asking for the heirship action, number 19-104, to be included in the record on appeal. Counsel explained when she entered her appearance representing Herman, "she was under the mistaken impression" that the two cases "had been consolidated[.]" Since this had not occurred, counsel claimed the file from action 19-104 needed to be included in the record so Herman's position could be adequately developed.

¶25. On September 28, 2022, the Supreme Court granted the motion for the separate file to be included in the record on appeal. The Order detailed how "[t]he appellant contends that the record in a separate but related trial court case should be added to this record on appeal,"

and noted that "[n]o objection had been received." The appeal was assigned to this Court for review.

## DISCUSSION

### I.     This Court does not have jurisdiction over the heirship matter.

¶26.    Before turning to the arguments made by Herman, we must first determine if we have jurisdiction over this appeal. Herman raises seven distinct issues in his principal brief.[1] Reworded for clarity and using numbers substituted for the letters in his brief, *see* MRAP 28(a)(3) (requiring "separately numbered" issues), Herman argues:

> 1.     The trial court should have vacated a) the determination of heirs in action 19-104 and b) the partition of the property in action 20-0077.
>
> 2.     The plaintiffs' claims were barred by the statute of limitations for recovery of land.
>
> 3.     The plaintiffs' claims were barred by the statute of limitations for the establishment of paternity.
>
> 4.     The lower court should have found Herman acquired title via adverse possession.

---

[1] These are the issues listed in the Statement of Issues in Herman's brief; he presents multiple other arguments and sub-arguments on other issues in the body of his brief. This presentation is contrary to our Rules of Appellate Procedure, which establish that "[a] statement *shall* identify the issues presented for review," and "[n]o issue not distinctly identified shall be argued by counsel, except upon request of the court[.]" MRAP 28(a)(3) (emphasis added).

Therefore, to the extent Herman argues other points not identified in his statement of issues, these arguments are "procedurally barred because [he] failed to identify it as an issue on appeal." *Greater New Hamilton Grove Baptist Church v. Hamilton Grove Missionary Baptist Church*, No. 2022-CA-00518-COA, 2023 WL 4879171, at *7 n.5 (Miss. Ct. App. Aug. 1, 2023), *cert. denied* 379 So. 337 (Miss. 2024); *see also Arrington v. State*, 267 So. 3d 753, 756-57 (¶10) (Miss. 2019) (determining that since a litigant "did not identify his claim of ineffective assistance of counsel as an issue on appeal, he has abandoned this claim").

5. The plaintiffs' claims were barred by laches.

6. The lower court erred by failing to consolidate the two cases below.

7. The lower court abused its discretion and violated Herman's right to due process by refusing to continue the hearing on the partition of property.

¶27. In response, Price and Dedra point out that some of these assignments of error are focused on the determination of heirship case, file 19-104. They point out that the case actually on appeal, numbered in the trial court 20-0077, is the partition of property case, not the heirship matter. Since "no appeal has been filed" in the determination of heirship case, Price and Dedra argue that "[t]his [C]ourt has no jurisdiction to consider the merits . . . underlying that judgment."

¶28. They are correct. "Regardless of whether the parties raise jurisdiction, the Court is required to note its own lack of jurisdiction, and if the notice of appeal is not timely filed, the appellate court simply does not have jurisdiction." *Smith v. Parkerson Lumber Inc*., 890 So. 2d 832, 834 (¶12) (Miss. 2003). It is well-settled that "the timely filing of a notice of appeal is jurisdictional and that the notice must, under M.R.A.P. 4(a), be filed within thirty days following entry of the judgment from which the appeal is taken." *Id*.; *see also* MRAP 2(a)(1) ("An appeal shall be dismissed if the notice of appeal was not timely filed pursuant to Rules 4 or 5").

¶29. By the same logic, if we do not have jurisdiction over a case when the notice of appeal is untimely, we most certainly do not have jurisdiction over a case when a notice of appeal *was not filed at all*. For "the filing of a notice of appeal transfers jurisdiction of a matter

from the lower court to this Court," and absent such a filing, jurisdiction remains with the trial court. *McNeil v. Hester*, 753 So. 2d 1057, 1075 (¶68) (Miss. 2000); *see* MRAP 3(a) ("An appeal permitted by law as of right from a trial court to the Supreme Court shall be taken by filing a notice of appeal with the clerk of the trial court within the time allowed by Rule 4").

¶30.    As set out above, a notice of appeal was never filed in the action establishing the heirs of Price Houston Sr., number 19-104.  There can be no appeal without a timely filed notice of appeal.  Therefore, we do not have jurisdiction over the following issues that are based upon the determination of heirship action or arguments contained in that file, which we ascertain to be:

1(a).    The trial court should have vacated the determination of heirs.

2.    The plaintiffs' claims were barred by the statute of limitations for recovery of land.

3.    The plaintiffs' claims were barred by the statute of limitations for the establishment of paternity.

We will not address these issues, as we do not have jurisdiction.

¶31.    Nor does the Supreme Court's grant of Herman's motion to correct or modify the record impact this determination.  When the Supreme Court granted the motion, it found that "[t]he record in this appeal shall be supplemented with the entire record including any transcripts from trial court Cause Number 26CH1:19cv00104."  The content of a record as shaped by our Rules of Appellate Procedure does not impact jurisdiction, but is instead meant to provide the appellate courts and parties the material "as may be necessary to convey a fair,

accurate, and complete account of what transpired in the trial court with respect to those issues that are the bases of appeal." MRAP 10(f).

¶32.   As we lack jurisdiction over arguments based upon a case not timely appealed, we decline to address those assignments of error.

### II.   The lack of a final judgment precludes consideration of the remaining issues.

¶33.   "An appeal may be taken only from a final judgment." *Blaney v. Black Jack Oil Co.*, 325 So. 3d 1204, 1206 (¶8) (Miss. Ct. App. 2021).  "Generally, a final judgment is one that adjudicates the merits of the controversy and settles all issues between all parties." *LaFontaine v. Holliday*, 110 So. 3d 785, 787 (¶8)  (Miss. 2013).  "In other words, an order is considered final if it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."  *Id.* (internal quotation mark omitted).

¶34.   The remaining five assignments of error by Houston are:

   1(b).   The trial court should have vacated the partition of the property in action 20-0077.

   4.   The lower court should have found Herman acquired title via adverse possession.

   5.   The plaintiffs' claims were barred by laches.

   6.   The lower court erred by failing to consolidate the two cases below.

   7.   The lower court abused its discretion and violated Herman's right to due process by refusing to continue the hearing on the partition of property.

¶35.   After review, we find that the order appealed from in the partition action is not a final judgment.  While the trial court confirmed title in Price and Dedra, the order did not address

10

the specific partition of the 87 acres.

¶36.   In their amended petition, the duo had expressly requested not only confirmation of title but the appointment of a special commissioner to assess the value of the property.  They further requested,  "In the event partition in kind cannot be made and in case no party shall elect to take the real property as herein above provided then the property shall be sold in its entirety by the special commissioner for the highest and best price obtainable."

¶37.   Indeed, at the hearing before the trial court's confirmation, the court inquired of counsel for Price and Dedra what steps needed to be taken next to move the case toward finality.  Counsel pointed out that the next step was the appointment of a commissioner.  The trial court reasoned, "It is not set for today, but let us with all due haste move towards that." However, no further action was taken in pursuing the case toward the finality of partition. Therefore, we find that the order confirming title was not a final judgment that adjudicated all the claims and defenses of all the parties.  It was a crucial step toward finality, but it was not a final judgment that ended the litigation and left the trial court with nothing further to do but execute the judgment.  Accordingly, it is merely an interlocutory order, and "This Court will dismiss uncertified interlocutory appeals." *Blaney*, 325 So. 3d at 1207 (¶8).

¶38.   While the parties did not raise whether the order confirming title was appealable, we "must address this question on our own initiative." *M.W.F. v. D.D.F.*, 926 So. 2d 897, 899 (¶4) (Miss. 2006) (sua sponte dismissing an appeal from an interlocutory order).  In accord with precedent, we dismiss the appeal for lack of jurisdiction.

**CONCLUSION**

11

¶39. Braving a property dispute in chancery court without counsel is a perilous matter. While Herman is represented on appeal by counsel, for much of the proceedings in the trial court he was without an attorney. As the determination of heirship case was never appealed, we find the assignments of error based on it are outside our jurisdiction. As to the remaining issues based on the partition action, the trial court's order confirming title was not a final, appealable order. Therefore the entirety of this appeal is **DISMISSED**.

¶40. **APPEAL DISMISSED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, LAWRENCE, SMITH AND EMFINGER, JJ., CONCUR. McDONALD, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**